MEMORANDUM-DECISION AND ORDER
 

 HURD, District Judge.
 

 I.
 
 INTRODUCTION
 

 The defendants, Trustees of the New York Hospital Association of New York State Group Insurance Trust (“HANYS”) and Albany Medical College and Albany Medical Center (collectively referred to as “AMC”), have each moved to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6) or alternatively for summary judgment, pursuant to Fed.R.Civ.P. 56. Plaintiffs oppose. Oral argument was heard on June 10, 1999 in Utica, New York. Decision was reserved pending a decision from the United States Court of Appeals for the Second Circuit in the case of
 
 Equal Employment Opportunity Commission v. Staten Island Sav. Bank,
 
 207 F.3d 144, 2000 WL 297510, at *4 (2d Cir. Mar.23, 2000).
 

 II.
 
 FACTS
 

 Plaintiff Robert Muller (“Muller”) was employed by AMC as a nurse anesthetist. AMC provided a Group Long Term Disability Plan (“LTD Plan”) to its employees. The LTD Plan was issued by defendant First Unum Life Insurance Company (“Unum”) to HANYS. HANYS was named in the summary plan description as the policyholder, plan administrator, and agent for service of process.
 

 The LTD Plan paid benefits for persons with a physical disability until the individual reached age 65 (or later depending on the age of the employee at the onset of the disability). Benefits for individuals suffering disability due to mental, nervous, or emotional disorders, however, were only payable for a maximum of two years.
 

 
 *206
 
 On January 19, 1994, Muller stopped working due to morphine addiction and clinical depression. He applied for, and received, long term disability benefits beginning on July 18, 1994. On May 23, 1995, Unum ceased payment of benefits, contending that Muller, having undergone rehabilitation for his drug addiction and extensive treatment for his depression, was no longer disabled. Muller administratively appealed this determination. His appeal was denied in October of 1996.
 

 Muller initially commenced an action solely against Unum in the Supreme Court of the State of New York, County of Sara-toga, alleging that Unum wrongfully terminated his benefits. On October 3, 1997, Unum removed the action to federal court on the basis that Muller essentially alleged a violation of the Employee Retirement Income Security Act (“ERISA”), as amended, 29 U.S.C. §§ 1001-1461. Muller was granted leave to file an amended complaint to (1) add his wife, Antoinette I. Muller, as a plaintiff; (2) add HANYS as a defendant in thé ERISA claim; and (3) assert claims against AMC pursuant to the Americans with Disabilities Act (“ADA”), 42 U.S.C. §§ 12101-12213, and the New York State Human Rights Law (“HRL”), N.Y.Exec. Law §§ 290-301 (McKinney 1993), on the grounds that the disparity between benefits which the LTD Plan pay to those with physical disabilities and those with mental disabilities is impermissibly discriminatory.
 
 [1]
 

 Muller v. First Unum Life Ins. Co.,
 
 23 F.Supp.2d 231 (N.D.N.Y. 1998).
 

 HANYS moves to dismiss the ERISA claim against it, or in the alternative, seeks summary judgment, on the ground that HANYS is not a fiduciary capable of being held liable under ERISA. AMC moves to dismiss the ADA and HRL claims asserted against it, or in the alternative, seeks summary judgment, primarily on the grounds that plaintiff fails to state a claim under the ADA or HRL because 1) Muller is not a “qualified individual with a disability” within the meaning of ADA § 12111(8), and 2) the ADA does not require equality between individuals with different disabilities.
 

 III.
 
 DISCUSSION
 

 A.
 
 Standard of Review
 

 A cause of action shall not be dismissed for failure to state a claim under Fed. R. Civ.P. 12(b)(6) “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.”
 
 Conley v. Gibson,
 
 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion brought pursuant to Fed.R.Civ.P. 12(b), the court must assume all of the allegations in the complaint are true.
 
 Id.
 
 In reviewing the sufficiency of a complaint at the pleading stage, “[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.”
 
 Scheuer v. Rhodes,
 
 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974).
 

 Where a motion to dismiss is made prior to any discovery or the filing of an answer, the court is loath to dismiss the complaint, regardless of whether the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief.
 
 Wade v. Johnson Controls, Inc.,
 
 693 F.2d 19, 22 (2d Cir.1982);
 
 see also Egelston v. State Univ. College,
 
 535 F.2d 752, 754 (2d Cir.1976).
 

 On a motion to dismiss for failure to state a claim upon which relief can be granted, if matters outside the complaint are presented and considered, the motion may be treated as one for summary judgment.
 
 See
 
 Fed.R.Civ.P. 12(b). In the present case, the defendants have moved
 
 *207
 
 alternatively for dismissal or summary judgment.
 

 Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56;
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);
 
 Lang v. Retirement Living Pub. Co.,
 
 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56;
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);
 
 Thompson v. Gjivoje,
 
 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant.
 
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986);
 
 Project Release v. Prevost,
 
 722 F.2d 960, 968 (2d Cir.1983).
 

 When the moving party has met the burden, the non-moving party “must do more than simply show that there is some metaphysical doubt as to the material facts.”
 
 Matsushita Elec. Indus. Co.,
 
 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party “must set forth specific facts showing that there is a genuine issue for trial.” Fed.R.Civ.P. 56:
 
 Liberty Lobby Inc.,
 
 477 U.S. at 250, 106 S.Ct. 2505;
 
 Matsushita Elec. Indus. Co.,
 
 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant.
 
 Liberty Lobby, Inc.,
 
 477 U.S. at 248-249, 106 S.Ct. 2505;
 
 Matsushita Elec. Indus. Co.,
 
 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is “little or no evidence ... in support of the non-moving party’s case.”
 
 Gallo v. Prudential Residential Servs.,
 
 22 F.3d 1219, 1223-1224 (2d Cir.1994) (citations omitted).
 

 B.
 
 ERISA Claim Against HANYS
 

 HANYS raises two arguments in support of its contention that plaintiffs’ ERISA claim against it should be dismissed. First, HANYS claims that the amended complaint fails to sufficiently state the grounds upon which plaintiffs’ claim is based. Second, HANYS asserts that it is not a fiduciary capable of being held liable under ERISA. These arguments will be addressed in turn.
 

 1.
 
 Sufficiency of the amended complaint
 

 All pleadings which set forth a claim for relief must contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” Fed.R.Civ.P. 8(a)(2). “Each averment of a pleading shall be simple, concise, and direct.”
 
 Id.
 
 8(e)(1). This notice pleading standard does not require a claimant to set out detailed facts upon which the claim for relief is based; it merely requires a statement sufficient to give adequate notice to the adverse party and enable preparation of a response.
 
 See Salahuddin v. Cuomo,
 
 861 F.2d 40, 42 (2d Cir.1988).
 

 In this case, the amended complaint alleges that HANYS is the policyholder and plan administrator of the LTD Plan, and states that the failure of Unum and HA-NYS to continue to provide coverage violates ERISA and the LTD Plan. (Am. ComplJH 11, 12, 38.) Considering the liberal standards governing pleading requirements, the amended complaint provides sufficient information to place HANYS on notice of the allegations against it and enable it to prepare a response.
 

 2.
 
 ERISA fiduciaries
 

 In a recovery of benefits claim, the plan, the administrators, and the trustees of the plan may be held liable under ERISA.
 
 See Leonelli v. Pennwalt Corp.,
 
 887 F.2d 1195, 1199 (2d Cir.1989). In this case, HANYS is named as the plan admin
 
 *208
 
 istrator. In addition, it is listed as agent for service of process and as policyholder, the latter of which affords HANYS the right to terminate the LTD Plan. Further, insureds are referred to the plan administrator for any questions or financial information concerning the plan.
 

 HANYS argues that it is merely a conduit between individual hospitals and insurance companies and performs certain administrative duties, such as collecting premiums and performing some reporting and disclosure functions required by ERISA. HANYS also claims that the LTD Plan provides that Unum is responsible for determining and paying long term disability claims. As such, HANYS claims, it had no authority or control over the determination of Muller’s claim and therefore, it is not a fiduciary capable of being held hable under ERISA.
 

 No discovery has been conducted on this issue yet, and questions exist concerning HANYS’ role in relation to the LTD Plan. Therefore, dismissal of plaintiffs’ ERISA claim is premature. The plaintiffs should be afforded the opportunity to ascertain HANYS’ precise role concerning the LTD Plan.
 

 C.
 
 ADA Claim Against AMC
 

 AMC contends that plaintiffs’ ADA claim should be dismissed on two alternative grounds. First, AMC claims that Muller cannot make the necessary showing that he is a “qualified individual with a disability” (“QUID”).
 
 See
 
 42 U.S.C. § 12111(8). Second, AMC claims that, even assuming Muller can demonstrate that he is a QUID, he fails to state an ADA claim because the ADA does not require that individuals with mental disabilities be provided with the same disability benefits as individuals with physical disabilities.
 

 1.
 
 QUID under the ADA
 

 The ADA prohibits discrimination “against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.” § 12112(a). A plaintiff asserting an ADA claim bears the burden of proving that he/she is a QUID.
 
 See Cleveland v. Policy Management Sys. Corp.,
 
 526 U.S. 795, 119 S.Ct. 1597, 1603, 143 L.Ed.2d 966 (1999). A QUID is a person “with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.” § 12111(8). Accordingly, where an individual claims that he/she is totally disabled and unable to perform any of the essential functions of his/her job, he/she is not a QUID under the ADA.
 
 See Violette v. International Bus. Machines Corp.,
 
 962 F.Supp. 446, 449 (D.Vt.1996),
 
 aff'd,
 
 116 F.3d 466, 1997 WL 314750 (2d Cir.1997);
 
 Bril v. Dean Witter, Discover & Co.,
 
 986 F.Supp. 171, 175 (S.D.N.Y.1997) (holding that plaintiff “who admittedly was totally disabled at the time her benefits were discontinued” was not a QUID and therefore, could not sue her employer under the ADA).
 

 In the present case, the amended complaint states that “Muller remains unable to perform
 
 each
 
 of the material duties of his former regular occupation.” (Am. Compl.1128) (emphasis in the original). Muller has never claimed that he is capable of working with or without a reasonable accommodation. Muller’s failure to establish that he is a QUID is fatal to his ADA claim. In addition, even assuming that Muller could demonstrate that he is a QUID, as the following discussion will show, his ADA claim must nevertheless be dismissed because the ADA does not require equal treatment of individuals with different disabilities.
 

 2.
 
 Scope of the ADA
 

 The Americans with Disabilities Act “is an anti-discrimination statute that requires
 
 *209
 
 that individuals with disabilities be given the same consideration for employment that individuals without disabilities are given.” 29 C.F.R. Part 1630 App. § 1630.1(a). However, “the ADA does not bar entities covered by the statute from offering different long-term disability benefits for mental and physical disabilities.”
 
 Staten Island Sav. Bank,
 
 207 F.3d at 148. “ ‘So long as every employee is offered the same plan regardless of that employee’s contemporary or future disability status, then no discrimination has occurred even if the plan offers different coverage for various disabilities.’ ”
 
 Id.
 
 at 150 (quoting
 
 Ford v. Schering-Plough Corp.,
 
 145 F.3d 601, 608 (3d Cir.1998),
 
 cert. denied,
 
 525 U.S. 1093, 119 S.Ct. 850, 142 L.Ed.2d 704 (1999));
 
 see also Castellano v. City of New York,
 
 142 F.3d 58, 70 (2d Cir.1998) (stating that “[tjhe ADA requires only that persons with disabilities have the opportunity to receive the same benefits as nondisabled [persons]”).
 

 In the present case, Muller does not claim that he was offered a different LTD Plan than other employees. Rather, his ADA claim is based on his assertion that the LTD Plan, which every employee is offered, discriminates against those with mental disorders on the basis of their disability because the Plan pays different benefits based upon whether an individual’s disability is mental, as opposed to physical. However, in light of the foregoing, the ADA does not proscribe such a practice. Therefore, plaintiffs’ ADA claim must be dismissed.
 

 D.
 
 HRL Claim Against AMC
 

 The New York State Human Rights Law makes it unlawful for an employer “to refuse to hire or employ or to bar or to discharge from employment [an] individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment” because of a disability. N.Y.Exec. Law § 296(1). Disability is defined as “a physical!,] mental!,] or medical impairment ... which prevents the exercise of a normal bodily function ... and which [does] not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held.” § 292(21).
 

 As discussed above, Muller claims that he is unable to perform the material duties of his occupation. Thus, his impairment prevents him from performing in a reasonable manner the activities of his occupation. As such, Muller fails to state a claim under the HRL. Furthermore, to the extent that Muller’s HRL claim is based upon the disparity in benefits between physical and mental disabilities under the LTD Plan, such claim is preempted by ERISA because the ADA does not proscribe such conduct.
 
 See Shaw v. Delta Air Lines, Inc.,
 
 463 U.S. 85, 108, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (holding that ERISA preempts the HRL “insofar as [the HRL] prohibits practices that are lawful under federal law”). Accordingly, plaintiffs’ HRL claim must be dismissed.
 

 IV.
 
 CONCLUSION
 

 The amended complaint sufficiently states a claim against HANYS under ERISA. Further, plaintiffs ERISA claim against HANYS will not be dismissed without affording plaintiffs the opportunity to engage in discovery in order to ascertain HANYS’ role with respect to administration of the LTD Plan. Plaintiffs’ claims against AMC under the ADA and the HRL must be dismissed.
 

 Accordingly, it is
 

 ORDERED, that
 

 1. Defendant Trustees of the New York Hospital Association of New York State Group Insurance Trust’s motion to dismiss plaintiffs’ ERISA claim against it for failure to state a claim upon which relief can be granted is DENIED;
 

 2. Defendant Trustees of the New York Hospital Association of New York
 
 *210
 
 State Group Insurance Trust’s motion for summary judgment on plaintiffs’ ERISA claim against it is DENIED without prejudice to renew after the completion of discovery;
 

 3. Defendant Trustees of the New York Hospital Association of New York State Group Insurance Trust shall file and serve an answer to the amended complaint within twenty (20) days from the date of this Order;
 

 4. Defendants Albany Medical College and Albany Medical Center’s motion to dismiss plaintiffs’ ADA and HRL claims is GRANTED; and
 

 5. The complaint is DISMISSED in its entirety against the defendants Albany Medical College and Albany Medical Center.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Muller filed a charge with the Equal Employment Opportunity Commission, as required by the ADA, see 42 U.S.C. § 12117, and received a right to sue letter on June 9, 1998.