**Robert E. MULLER and Antoinette I. Muller, Plaintiffs,**

v.

**FIRST UNUM LIFE INSURANCE COMPANY, and Trustees of the New York Hospital Association of New York State Group Insurance Trust, Defendants.**

No. 97–CV–1420.

United States District Court, N.D. New York.

Aug. 17, 2001.

---

Ronald G. Dunn, Albany, NY, Gleason, Dunn, Walsh & O'Shea, for Plaintiffs.

Arthur J. Siegel, Albany, NY, Bond, Schoeneck & King, Attorneys for Defendant First Unum Life Insurance Company.

O'Connell & Aronowitz, Attorneys for Defendants Trustees of the New York Hospital Association of New York State Group Insurance Trust, Albany Medical

College and Albany Medical Group, Albany, Jeffrey J. Sherrin, of Counsel.

### MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

## I. INTRODUCTION

Defendants First Unum Life Insurance Company ("Unum") and Trustees of the New York Hospital Association of New York State Group Insurance Trust ("HANYS") each moved for summary judgment, pursuant to Fed.R.Civ.P. 56. Plaintiffs opposed Unum's motion.[1] Oral argument was heard on April 27, 2001 in Albany, New York. Decision was reserved.

## II. FACTS

Plaintiff Robert Muller ("Muller" or "plaintiff") was employed by Albany Medical College and Albany Medical Center (collectively "AMC") as a nurse anesthetist. AMC provided a Group Long Term Disability Plan ("Plan") to its employees. The Plan was issued by Unum to HANYS. HANYS was named in the summary plan description as the policyholder, plan administrator, and agent for service of process.

The Plan paid benefits for persons with a physical disability until the individual reached age 65 (or possibly later, depending on the age of the employee at the onset of the disability). Benefits for individuals suffering disability due to mental, nervous, or emotional disorders, however, were only payable for a maximum of two years.

On January 19, 1994, Muller stopped working due to morphine addiction and clinical depression. He applied for, and received, long term disability benefits beginning on July 18, 1994. On May 23, 1995, Unum ceased payment of benefits, contending that he was no longer disabled. Muller administratively appealed this de-

termination. His appeal was denied and Unum closed Muller's file in October of 1996.

Muller initially commenced an action solely against Unum in the Supreme Court of the State of New York, County of Saratoga, alleging that Unum wrongfully terminated his benefits. On October 3, 1997, Unum removed the action to federal court on the basis that Muller essentially alleged a violation of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1001–1461. Plaintiff was granted leave to file an amended complaint to (1) add his wife, Antoinette I. Muller ("Mrs. Muller"), as a plaintiff; (2) add HANYS as a defendant in the ERISA claim; and (3) assert claims against AMC pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the New York State Human Rights Law ("HRL"), N.Y. Exec. Law §§ 290–301 (McKinney 1993). See Muller v. First Unum Life Ins. Co., 23 F.Supp.2d 231 (N.D.N.Y.1998).

AMC moved to dismiss the ADA and HRL claims asserted against it, pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, for summary judgment. The motion to dismiss was granted on the grounds that plaintiff failed to demonstrate that he is a "qualified individual with a disability" within the meaning of ADA § 12111(8), and even if he could make such a showing, the ADA does not require equal treatment between individuals with physical and mental disabilities. Muller v. First Unum Life Ins. Co., 90 F.Supp.2d 204 (N.D.N.Y. 2000).

At the same time, HANYS moved to dismiss the ERISA claim against it, or in the alternative, for summary judgment, on the ground that HANYS is not a fiduciary capable of being held liable under ERISA.

---

1. See supra p. 709 concerning plaintiffs' failure to oppose HANYS' motion.

This motion to dismiss was denied and the motion for summary judgment was denied without prejudice to renew at the conclusion of discovery. *See id.* HANYS now renews its motion for summary judgment.

Unum's motion for summary judgment contends that Muller has failed to show that he remained disabled after May 23, 1995. Alternatively, it argues that plaintiff's recovery, if any, must be limited to fourteen months, as provided in the Plan. Finally, Unum argues that the plain language of the Plan precludes Mrs. Muller's claim.[2]

### III. *DISCUSSION*

#### A. *Summary Judgment Standard*

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost,* 722 F.2d 960, 968 (2d Cir.1983).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial ." Fed.R.Civ.P. 56: *Liberty Lobby Inc.,* 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.,* 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence . . . in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223–24 (2d Cir.1994) (citations omitted).

#### B. *HANYS' Motion for Summary Judgment*

The Local Rules provide that all motions for summary judgment, and oppositions thereto, "require a memorandum of law, supporting affidavit, and proof of service on all the parties." L.R. 7.1(a). In addition, any motion for summary judgment must contain a Statement of Material Facts and the opposing party must file a response to the movant's Statement of Material Facts. *Id.* 7.1(a)(3). "Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party." *Id.* Further,

> Any papers required under [Rule 7.1] that are not timely filed or are otherwise not in compliance . . . shall not be considered unless good cause is shown. Where a properly filed motion is unopposed and the Court determines that the

---

2. The plaintiffs do not oppose Unum's contention that the Plan does not afford a survivor's benefit. Accordingly, Mrs. Muller's claim must be dismissed.

moving party has met its burden demonstrating entitlement to the relief requested therein, failure by the non-moving party to file or serve any papers as required by this Rule shall be deemed by the court as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

*Id.* 7.1(b)(3).

In the present case, HANYS served its motion for summary judgment along with a supporting affidavit, a memorandum of law, and a Statement of Material Facts. The plaintiff did not submit a supporting affidavit or a Statement of Material Facts in opposition to HANYS' motion. In addition, his memorandum of law purports to be "in opposition to the motions of the defendants for summary judgment," however, it fails to even mention the alleged claim against HANYS or assert any argument in opposition to HANYS' motion for summary judgment. Thus, HANYS' motion is essentially unopposed.

■ HANYS submitted an affidavit from Mark Thomas, General Counsel of the Healthcare Association of New York, which states that "[w]hile [HANYS] performs [some] administrative tasks, it does not exercise any discretionary authority or control with respect to the insurance policies that it holds on behalf of the hospitals and their employees." (Thomas Aff. ¶ 8.) It further states that when an insured submits a claim, it is the insurance company's responsibility "to approve or to deny the claim based on the terms of the respective insurance policy." *Id.* ¶ 9. Moreover, HANYS' Statement of Material Facts, which the plaintiffs did not controvert, states that "Defendant First Unum was the claims administrator with discretion to determine Plaintiff's claim for bene-

fits under the long term disability plan." (HANYS L.R. 7.1(a)(3) Statement of Material Facts ¶ 2.) This evidence, which the plaintiff does not contest, sufficiently demonstrates that HANYS is not an ERISA fiduciary and that it is entitled to summary judgment.

### C. *Unum's Motion for Summary Judgment*

#### 1. *Standard of Review*

The parties do not dispute that the administrative record in this case should be reviewed *de novo*, pursuant to the United States Supreme Court's decision in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)(holding that "a denial of benefits ... must be reviewed under a *de novo* standard unless the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms, in which case a deferential standard of review is appropriate.").[3]

#### 2. *Scope of Review*

■ Muller seeks to introduce evidence beyond the administrative record in order to challenge Unum's decision to discontinue paying him benefits. The decision concerning whether or not to admit additional evidence is discretionary with the district court. *DeFelice v. Am. Int'l Life Assurance Co. of New York*, 112 F.3d 61, 66 (2d Cir.1997). However, the district court should limit its review to the administrative record unless "good cause to consider additional evidence" is shown. *Id.* at 67 (holding good cause shown where there was "[a] demonstrated conflict of interest in the administrative reviewing body").

---

**3.** Review of the Plan reveals that no discretionary authority was clearly and unambiguously reserved to Unum. *See Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 251 (2d Cir.1999)(stating that the policy language reserving discretion must be clear and unambiguous).

In the present case, plaintiffs seek to introduce a March 7, 2001 affidavit from Muller's treating psychologist, Dr. Steven Rappaport, and letters dated December 6, 1996 and February 21, 1997 from Dr. Alberto Sandler to Muller's attorneys. However, the plaintiff fails to allege good cause warranting consideration of this additional evidence. He does not claim that the administrative record is inadequate to make a determination of his disability. In addition, the administrative record already contains letters from Dr. Rappaport and Dr. Sandler concerning their assessments of Muller's condition. The additional statements which plaintiff seeks to introduce, which are purportedly "clarifications" of prior opinions, were written to Muller's attorneys from two months to almost four and a half years after Unum closed its file. Plaintiff has failed to articulate why these "clarifications" could not have been presented during the approximately two and a half years that his claim was pending.

Plaintiff also seeks to introduce the May 23, 1997 decision of the Social Security Administration which concluded that he is totally disabled. However, this decision was rendered seven months after the administrative record was closed, and review of the decision reveals that different evidence was presented to Social Security Administration which Unum did not have before it, and no reason was given concerning why such evidence was not provided to it. Therefore, the plaintiff has failed to demonstrate good cause to consider additional evidence, and review of his claim against Unum is limited to the administrative record.

### 3. *Analysis*

Unum argues that the plaintiff has failed to show by objective evidence that he remained disabled after May 23, 1995, and the administrative record supports its decision that Muller was able to return to work after that date. However, for the following reasons, summary judgment cannot be granted to Unum.

In a joint July 1995 letter to Unum's staff psychiatrist, Muller's therapists, Joanna Stellato–Kabat and Daniel Cole, stated that his "depression is debilitating when not treated, and his ability to work depends on stable treatment." (Tr. at 139.) They also noted that Muller's medication at that time caused him to have headaches and to be "unfocussed, tangential and unable to track a conversation." *Id.*

In June 1996, therapist James Garrett submitted a letter to Unum in which he opined that "Mr. Muller is not capable of functioning as a nurse anesthetist due to the complications of his depression.... Mr. Muller's depression has not been stabilized with medications. He experiences unresponsive depression." *Id.* at 160. Mr. Garrett also noted that Muller participates in weekly psychotherapy and has been prescribed a variety of medications, which have not "had the desired effect of eliminating his depressive symptoms." *Id.* at 159–60.

In July 1996, Dr. Rappaport reported in a psychiatric evaluation that Muller had tried a variety of medications over a period of two years "with minimal results or results that did not last for any period of time." *Id.* at 185. He opined that plaintiff is not capable of working because he "is continuing to exhibit depressive symptomology, ex. poor concentration, tearfulness, etc." *Id.* at 184.

While the letters and records submitted to Unum by plaintiff's treating physician and therapists are not a picture of clarity, what is clear is that Muller is suffering from severe depression, has been prescribed several different powerful psychotropic drugs, and requires weekly psy-

chotherapy. In light of this, at the very least, questions of fact exist concerning whether Muller can perform the material duties of his job, a job which requires, at a minimum, the ability to make quick decisions, remain calm under pressure, and to think clearly.[4] Therefore, Unum's motion for summary judgment must be denied.

#### 4. *Limitation on Payment for Mental and Nervous Conditions*

■ Unum argues that the Plan contains a two year limitation on payment of benefits for mental and nervous conditions, and since Muller was paid for ten months, his recovery, if any, should be limited to fourteen months. The plaintiff does not dispute that his condition is subject to the two year limitation. Nevertheless, he argues for the first time that he may be entitled to a new two year payment cycle because the ten months he was paid was for his morphine addiction, and not his depression. However, Muller's claim for benefits alleges that he was disabled due to both drug addiction and depression. There is no evidence that despite plaintiff's claim for benefits based on drug addiction and depression, Unum paid the plaintiff benefits for ten months *solely* on the basis of his morphine addiction. Therefore, plaintiff's argument for a new two year payment cycle is rejected and his recovery of benefit payments, if any, is limited to fourteen months.[5]

### IV. *CONCLUSION*

HANYS' proffer of evidence supporting its motion, and plaintiff's failure to oppose, mandates granting summary judgment in HANYS' favor with respect to the ERISA claim against it. Questions concerning the ability of Muller to perform the material duties of his occupation as a nurse anesthetist precludes summary judgment with respect to his ERISA claim against Unum. Further, pursuant to the terms of the Plan, Muller's recovery, if any, is limited to fourteen months. Finally, all claims by Mrs. Muller must be dismissed.

Accordingly, it is

ORDERED, that

1. The motion for summary judgment by defendant Trustees of the New York Hospital Association of New York State Group Insurance Trust is GRANTED, and the complaint is DISMISSED;

2. The motion for summary judgment by defendant First Unum Life Insurance Company is

a. GRANTED only to the extent that plaintiff Robert Muller's recovery in this action, if any, is limited to fourteen months, and

b. DENIED in all other respects; and

3. All claims by plaintiff Antoinette I. Muller are DISMISSED.

IT IS SO ORDERED.

---

4. The plaintiff did not cross move for summary judgment, and the court is reluctant to *sua sponte* grant such relief. However, a review of the administrative record does not appear to support Unum's decision to terminate his benefits. This is, of course, only an

observation without the benefit of a complete briefing of the issue.

5. In view of the lengthy litigation record and limited damages, it is now strongly recommended that the parties make every effort to settle this case.