**Robert E. MULLER, Antoinette I. Muller, Plaintiff–Appellant,**

v.

**FIRST UNUM LIFE INSURANCE COMPANY, Defendant–Appellee.**

**Docket No. 02–9242.**

United States Court of Appeals, Second Circuit.

Argued: June 23, 2003.

Decided: Aug. 18, 2003.

Robert E. Muller, pro se, Saratoga Springs, New York, for Plaintiff–Appellant.

Arthur J. Siegel, Bond, Schoeneck & King, PLLC, Albany, New York, for Defendant–Appellee.

Before: WALKER, Chief Judge, STRAUB, and POOLER, Circuit Judges.

STRAUB, Circuit Judge.

Plaintiff–Appellant Robert Muller ("Muller") appeals from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) dismissing his claim for disability benefits. Muller argues that the termination of his employer-sponsored disability benefits by Defendant–Appellee First Unum Life Insurance Co. ("First Unum") violates ERISA because he cannot "perform each of the material duties of his regular occupation" as a nurse anesthetist and, therefore, he still meets the definition of "disabled" in his insurance policy. Because we conclude that the District Court, in deciding First Unum's "motion for judg-

ment on the administrative record," conducted the equivalent of a bench trial, we must vacate the judgment and remand for further findings of fact and conclusions of law under Fed.R.Civ.P. 52(a). However, we also conclude that the District Court's decision not to consider additional materials outside the administrative record, also challenged by Muller on appeal, was proper in the absence of "good cause" to consider such evidence.

## BACKGROUND

### I. The Facts

When Muller first applied to First Unum for disability benefits in June 1994, he was a 55–year–old certified nurse anesthetist who had worked at Albany Medical Center for 17 years. Albany Medical Center provided a long-term disability insurance policy to its employees through First Unum. Muller stopped working due to morphine addiction and depression on January 19, 1994; was hospitalized for several weeks thereafter in Saratoga Springs, New York, where he lives, and later in a psychiatric hospital in Virginia Beach, Virginia; and eventually surrendered his nursing license. On his application for benefits, Muller described the symptoms and nature of his illness as "guilt over giving anesthesia for abortions over long period of time." His attending physician's statement, submitted with his application for benefits, diagnosed "(1) drug abuse—morphine" and "(2) depression."

Muller's application for disability benefits was initially denied by First Unum in January 1995. On August 5, 1995, upon reconsideration, First Unum partially reversed its decision to deny benefits, paying benefits from July 18, 1994 to May 23, 1995, the day that Muller's nursing license was reinstated. On May 22, 1996, Muller requested reconsideration of the denial of further benefits on his claim, and First

Unum responded by requesting "objective medical evidence of your disability from 5/95 to Present." On August 1, 1996, First Unum's "Quality Review" section sent Muller another letter, reminding him that if he had "additional medical or other pertinent information not previously submitted," he should forward it "as soon as possible."

On October 31, 1996, First Unum notified Muller's attorney that "we find that our previous decision to deny further benefits was correct, and we are upholding that determination." In denying the claim, First Unum relied on several factors. First, the insurer explained that its previous determination that Muller was able to return to work after May 1995 was based in large part on a July 1995 discussion between First Unum's physician and one of Muller's treating therapists, Joanna Kabet, a Certified Social Worker. Kabet had apparently indicated that she thought that Muller had progressed far enough in his treatment for substance abuse and depression that he was capable of returning to work. Second, First Unum's physician reviewed the additional letters submitted by Muller's physicians and therapists as part of his appeal, and spoke with one of Muller's treating physicians "in more detail." First Unum's physician concluded that Muller's treating physicians "have both reported that Mr. Muller exhibits symptoms of sadness but no cognitive dysfunction is supported by any mental status findings." Based on that conclusion, and the previous opinion of Kabet, the insurer concluded that "there is not enough information to support that Mr. Muller has restrictions and limitations which would preclude him from being capable of performing the duties of his own occupation with a different employer where the issues which compound his feelings of depression would not be present (i.e. a work environment which

would not force him to be involved in abortions)."

## II. Procedural History

In September 1997, Muller filed a complaint in state court alleging that First Unum had improperly terminated his benefit payments. On October 3, 1997, First Unum successfully removed the action to federal court, on the ground that Muller's claims were governed by ERISA. In June 1998, Muller filed a motion to amend his complaint by (1) adding his wife as a plaintiff, alleging that she should receive benefits as an "eligible survivor" under his disability plan; (2) adding his employer and the insurance plan administrator as defendants; and (3) adding discrimination claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, and New York State Human Rights Law, N.Y. Exec. Law §§ 290–301. In a published order dated November 2, 1998, then-Magistrate Judge Hurd granted the motion in part and denied it in part, and Muller subsequently filed an amended complaint. See Muller v. First Unum Life Ins. Co., 23 F.Supp.2d 231, 236 (N.D.N.Y.1998).

In his amended complaint, Muller alleged that he stopped working as a nurse anesthetist in January 19, 1994 "due to drug abuse, specifically morphine addiction, and clinical depression." He alleged that he was unable to perform each of the material duties of his job because his depression prevented him from "possess[ing] the mental capacities to safely practice as a nurse anesthetist." Therefore, Muller argued, his claim for disability benefits after May 23, 1995, was improperly denied.[1]

Muller's employer and the plan administrator subsequently moved to dismiss the claims. In a second published order dated March 31, 2000, the District Court dismissed the claims against Muller's employer, and denied the motion as to the plan administrator. See Muller v. First Unum Life Insurance Co., 90 F.Supp.2d 204, 209–10 (N.D.N.Y.2000). In January 2001, First Unum moved for summary judgment, arguing that (1) Muller had not proven that he was disabled after May 23, 1995, when his nursing license was reinstated; (2) even if he was disabled, First Unum was liable for at most fourteen months' worth of benefits under the terms of the plan; and (3) Muller's wife's claim was meritless because the policy did not afford her any "survivor" benefits. The plan administrator also renewed its motion for summary judgment after the benefit of further discovery. In a third published order dated August 17, 2001, the District Court dismissed Muller's wife's claim and granted the plan administrator's motion for summary judgment. Muller v. First Unum Life Insurance Co., 166 F.Supp.2d 706, 712 (N.D.N.Y.2001). These decisions are not on appeal.

However, while the District Court ruled that the extent of Muller's recovery, if any, was limited to fourteen months, it denied First Unum's motion for summary judgment on Muller's entitlement to benefits after May 23, 1995. See id. at 712. In denying the motion, the District Court discussed the letters from Muller's therapists, including one therapist's opinion that Muller was not capable of functioning as a nurse anesthetist due to the "complications of his depression," and a treating physician's evaluation that a variety of medications had not succeeded in eliminating

---

1. Muller also alleged in his complaint that the terms of his disability plan, which limits the number of months of benefits for people with mental illnesses, violated the Americans with Disabilities Act and the New York State Human Rights Law. This claim was dismissed by the District Court, 90 F.Supp.2d at 210, and Muller does not challenge it on appeal.

Muller's symptoms of depression, including his "poor concentration." *Id.* at 711. While noting that "the letters and records submitted to First Unum by plaintiff's treating physician and therapists are not a picture of clarity," *id.*, the District Court concluded:

> [W]hat is clear is that Muller is suffering from severe depression, has been prescribed several different powerful psychotropic drugs, and requires weekly psychotherapy. In light of this, at the very least, questions of fact exist concerning whether Muller can perform the material duties of his job, a job which requires, at a minimum, the ability to make quick decisions, remain calm under pressure, and to think clearly. Therefore, First Unum's motion for summary judgment must be denied.

*Id.* at 711–12. In a footnote, the District Court further noted:

> The plaintiff did not cross move for summary judgment, and the court is reluctant to *sua sponte* grant such relief. However, a review of the administrative record does not appear to support Unum's decision to terminate his benefits. This is, of course, only an observation without the benefit of a complete briefing of the issue.[2]

*Id.* at 712 n. 4.

On November 5, 2001, the District Court issued a scheduling order for pre-trial submissions, and set January 2, 2002 as the date for a bench trial. A settlement conference took place on December 6, 2001 before a magistrate judge, but no settlement was reached. On December 11, 2001, plaintiff's counsel wrote the District Court requesting a few days' extension of time for pre-trial submissions, to which the defendant consented. The District Court

responded with an order dated December 12, 2001, which read:

> Trial of this matter WILL NOT be held. The Court will conduct a de novo review of the parties' submissions and issue a decision in due course.

Defendant submitted a "motion for judgment on the administrative record" on January 4, 2002, and plaintiff submitted opposition papers shortly thereafter.

The District Court issued its final decision on September 20, 2002, affirming the administrator's denial of further disability benefits to Muller. The substance of the order reads as follows:

> An exhaustive and time-consuming de novo review has now been made of the administrative record. Pursuant to this record, the plaintiff's claim for disability benefits is approximately $10,377.47 plus interest. Plaintiff is also seeking attorneys fees and expenses. The defendant's administrative decision as affirmed on the administrative appeal is fully supported in the record. The administrative decision which denied the plaintiff disability benefits after May 23, 1995, is affirmed. The complaint is dismissed in its entirety.

Muller timely appealed the District Court's denial of this claim.

## DISCUSSION

### III. Standard of Review/Procedural Posture

▮▮▮▮ A denial of benefits under ERISA is reviewed by the District Court "under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the

---

**2.** The District Court also suggested: "In view of the lengthy litigation record and limited damages, it is now strongly recommended that the parties make every effort to settle this case." 166 F.Supp.2d at 712 n. 5.

terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). No such discretionary authority was given to the insurer here, and the parties do not dispute that the *de novo* standard applies. Moreover, this *"de novo* standard of review applies to all aspects of the denial of an ERISA claim, including fact issues, in the absence of a clear reservation of discretion to the plan administrator." *Kinstler v. First Reliance Standard Life Ins. Co.,* 181 F.3d 243, 245 (2d Cir.1999).

■ Our standard of review on appeal, however, depends on the procedural posture of the District Court's decision, which is unclear to us. The question is how precisely to treat the District Court's disposition of defendant's "motion for judgment on the administrative record"—a motion that does not appear to be authorized in the Federal Rules of Civil Procedure.[3] Many courts have either explicitly or implicitly treated such motions, which are frequently made by insurers in ERISA benefits cases, as motions for summary judgment under Rule 56. *See, e.g., Williams v. Unum Life Ins. Co. of Am.,* 250 F.Supp.2d 641, 648–49 (E.D.Va.2003). If First Unum's motion for judgment on the administrative record was the equivalent of a summary judgment motion, then our review would be *de novo. See Lucente v. I.B.M. Corp.,* 310 F.3d 243, 253 (2d Cir.2002).

Although it may be appropriate to treat such a motion as a motion for summary judgment in some cases, it does not make sense in this case. Here, when First Unum's motion for judgment on the administrative record was made, the District Court had *already denied* summary judgment to First Unum on the very issue of whether Muller was disabled after May 23, 1995, explaining that "at the very least, questions of fact exist concerning whether Muller can perform the material duties of his job." And no further discovery had taken place since the denial of summary judgment.

■ Accordingly, in this case, the decision on the motion for judgment on the administrative record, or the District Court's "de novo review of the parties' submissions" and resolution thereof, can best be understood as essentially a bench trial "on the papers" with the District Court acting as the finder of fact. Since there is no right to a jury trial under ERISA, *see Sullivan v. LTV Aerospace and Def. Co.,* 82 F.3d 1251, 1257–59 (2d Cir.1996), this form of bench trial was entirely proper. *See, e.g., Connors v. Conn. Gen. Life Ins. Co.,* 272 F.3d 127, 134 (2d Cir.2001) (reviewing findings and conclusions made after *"de novo* review of the administrative record"); *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1094–95 (9th Cir.1999) (*in banc*) (in ERISA disability benefits case, "[a] majority of us conclude that, in its discretion, ... the district court may try the case on the record that the administrator had before it").

■ However, after conducting a bench trial, the District Court has an obligation to make explicit findings of fact and conclusions of law explaining the reasons for its decision. *See* Fed.R.Civ.P. 52(a) ("In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon ..."). "A principal purpose of this requirement, of course, is to permit the appellate court to review the decision." *Tek-*

---

**3.** The District Court also described its review as a "de novo review of the parties' submis-

sions" in its December 12, 2001 order.

*kno Labs., Inc. v. Perales,* 933 F.2d 1093, 1097 (2d Cir.1991). We have held that we may still proceed with appellate review despite a lack of full compliance with Rule 52(a) "if we are able to discern enough solid facts from the record to permit us to render a decision." *Mobil Shipping & Trans. v. Wonsild Liquid Carriers,* 190 F.3d 64, 69 (2d Cir.1999) (internal quotation marks omitted). Here, however, the findings and record are "not sufficient to enable us to be sure of the basis of the decision below." *Tekkno Labs., Inc.,* 933 F.2d at 1097.

Because the District Court did not make explicit findings of fact or conclusions of law in support of its denial of Muller's claim, we must vacate and remand, *see Pullman–Standard v. Swint,* 456 U.S. 273, 291, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982), as we have done in other ERISA cases where the lack of adequate findings precluded effective review. *See, e.g., Sullivan,* 82 F.3d 1251 at 1261; *Grimo v. Blue Cross/Blue Shield of Vermont,* 34 F.3d 148, 152–53 (2d Cir.1994).

■ The central issue in this case is whether Muller met the definition of "disability" in First Unum's benefits policy after May 23, 1995. The policy provides: " 'Disability' and 'disabled' mean that because of injury or sickness the insured cannot perform each of the material duties of his regular occupation." On remand, the District Court is to make findings as to whether Muller could perform the material duties of his job as a nurse anesthetist after May 23, 1995 and explain the basis for such findings as well as the conclusions of law that follow. The factual findings will be subject to review for "clear error" on appeal, and the legal conclusions reviewed *de novo. See LoPresti v. Terwilliger,* 126 F.3d 34, 39–40 (2d Cir.1997).

## IV. Evidence Outside the Administrative Record

Muller also argues that the District Court erred in not considering additional evidence outside the administrative record. Specifically, Muller sought to introduce: (1) a March 7, 2001 affidavit with attachments from Muller's treating psychiatrist, Dr. Stephen Rappaport; (2) letters dated December 6, 1996 and February 21, 1997 from another treating physician, Dr. Alberto Sandler, to Muller's attorney; and (3) a May 23, 1997 federal disability benefits decision of the Social Security Administration ("SSA") which concluded that Muller's condition prevented him from returning to his past work.

■■ The decision whether to consider evidence from outside the administrative record is within the discretion of the district court. *See DeFelice v. Am. Int'l Life Assurance Co. of N.Y.,* 112 F.3d 61, 66 (2d Cir.1997). Nonetheless, the presumption is that judicial review "is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." *Id.* at 67. As the Ninth Circuit has explained, "[t]rial de novo on new evidence would be inconsistent with reviewing the administrator's decision about whether to grant the benefit." *Kearney,* 175 F.3d at 1094.

■ In this case, the District Court did not abuse its discretion, as there was no "good cause" to admit additional evidence. The record indicates that First Unum gave Muller ample time to submit additional materials and that First Unum had already received letters from Dr. Rappaport and Dr. Sandler. The subsequent letters were merely written to "clarify" their previous correspondence. Moreover, First Unum's own doctor had spoken with at least one of these physicians. As to the SSA decision, it was made after First Unum's review had been completed and

has little independent probative value. When viewed in light of our standard that additional evidence should not be admitted without "good cause" to expand the administrative record, *DeFelice*, 112 F.3d at 66, the District Court's decision to exclude Muller's additional evidence was proper.

## CONCLUSION

For the reasons stated, we conclude that the District Court conducted the equivalent of a bench trial based on the written administrative record, but did not sufficiently state its findings of fact and conclusions of law as required by Rule 52(a). We therefore vacate the judgment for defendant First Unum on plaintiff's ERISA claim and remand for further proceedings consistent with this opinion.