08-5962-cv
Schad v. Stamford Health Sys., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of December, two thousand nine.

PRESENT:    JOHN M. WALKER, JR.,
            REENA RAGGI,
                        *Circuit Judges*,
            JED S. RAKOFF,[*]
                        *District Judge*.

-----------------------------------------------------------------------
EDWARD SCHAD, Administrator of the Estate of
Marianne Ballard Schad, deceased; EDWARD SCHAD,
individually,
                        *Plaintiff-Appellant*,
                    v.                                    No. 08-5962-cv

STAMFORD HEALTH SYSTEM, INC. and SUN LIFE
ASSURANCE OF CANADA,
                        *Defendants-Appellees*.
-----------------------------------------------------------------------

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANT:    MARK P. CAREY, Carey & Associates, P.C., Southport, Connecticut.

APPEARING FOR APPELLEES:    KRISTINA H. ALLAIRE (Joan O. Vorster, *on the brief*), Mirick, O'Connell, DeMallie & Lougee, LLP, Worcester, Massachusetts, *for Sun Life Assurance Company of Canada*.

CONRAD S. KEE, Jackson Lewis LLP, Stamford, Connecticut, *for Stamford Health Systems, Inc.*

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on November 4, 2008, is AFFIRMED.

Plaintiff Edward Schad is the beneficiary of a group life insurance policy covering his deceased wife under a Plan provided by her employer, Stamford Health System, Inc. ("SHS"), and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Schad here appeals an award of summary judgment in favor of defendants SHS and Sun Life Assurance of Canada ("Sun Life") on Schad's ERISA challenge to defendants' determination, after his wife's death, that she did not qualify for a life insurance option paying increased benefits. Schad argues, inter alia, that the district court erred in concluding (1) that defendants reasonably determined that his wife was required to submit Evidence of Insurability ("EOI") to qualify for a requested increase in benefits, and

(2) that any failure to reference this requirement in the Summary Plan Description ("SPD") was harmless in light of evidence that his wife otherwise received actual written notice. Schad further appeals the denial of his motion to reconsider. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[2]

1.    Standards of Review

In an ERISA action, we review de novo a grant of summary judgment based on the administrative record, applying the same legal standard as the district court. See Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009). "Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Id. (internal quotation marks omitted). Because the terms of the Group Policy at issue grant Sun Life discretion to interpret policy provisions and determine participant eligibility, the question before us is whether the denial of benefits was arbitrary and capricious – that is, "without reason, unsupported by substantial evidence or erroneous as a matter of law." Miller v. United Welfare Fund, 72 F.3d 1066, 1070 (2d Cir. 1995) (internal quotation marks omitted); see also

---

[2] Schad also appeals the denial of his motion for judgment on the administrative record, a motion apparently not authorized by the Federal Rules of Civil Procedure. See Muller v. First Unum Life Ins. Co., 341 F.3d 119, 124 (2d Cir. 2003). Our affirmance of the district court's judgment in favor of defendants necessarily defeats this appeal, however we might construe the motion.

3

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Fuller v. J.P. Morgan Chase & Co., 423 F.3d 104, 106-07 (2d Cir. 2005).

2.    The Denial of Benefits

Sun Life based its refusal to pay the full $194,025 in requested benefits on Mrs. Schad's failure to submit EOI along with her application for increased coverage, a determination supported by the following facts:  In 2002, Mrs. Schad filled out a benefit enrollment/change form selecting coverage equal to double her annual salary up to a maximum payment of $50,000.  The selection box included language stating, "I understand that if I select this option, and I wish to revert to full plan coverage (up to $600,000), it will be necessary to provide Evidence of Insurability, and reinstatement of coverage over the $50,000 limit will be subject to approval by the plan insurer."  J.A. at 174.  The following year, Mrs. Schad requested an increase in coverage to a maximum payment of $600,000 but did not submit EOI of any sort.

Mr. Schad argues that these facts are insufficient to support the benefit determination because the EOI requirement was not disclosed in either the policy documents or the SPD. We are not persuaded.  A provision in the Group Policy states: "If an eligible Employee declines his insurance, or terminates his insurance in writing while continuing to be eligible, the Employee will become insured after he applies for insurance and Evidence of Insurability is approved by Sun Life."  Group Policy at 14.  Sun Life interpreted this provision to cover

4

employees who decline optional life insurance coverage up to $600,000 and subsequently seek to increase coverage to that amount. Under our highly deferential standard of review, see Fuller v. J.P. Morgan Chase & Co., 423 F.3d at 107, we cannot conclude that Sun Life's interpretation – an interpretation consistent with the express notice provided on the enrollment form – was arbitrary and capricious. See Jordan v. Ret. Comm. of Rensselaer Polytechnic Inst., 46 F.3d 1264, 1271 (2d Cir. 1995) ("The court may not upset a reasonable interpretation by the administrator.").

3. Notice

Mr. Schad argues further that even if EOI was a prerequisite for obtaining increased benefits, the defendants' failure to provide Mrs. Schad with an SPD adequately describing the Plan and all "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits," 29 U.S.C. § 1022(a), (b), warrants reversal. We disagree. While the SPD and Plan documents may have failed to provide information "in a manner calculated to be understood by the average plan participant," 29 U.S.C. § 1022(a), "to recover in this Circuit, a plaintiff must demonstrate likely prejudice resulting from a deficient SPD," Wilkins v. Mason Tenders Dist. Council Pension Fund, 445 F.3d 572, 585 (2d Cir. 2006) (internal quotation marks omitted); see also id. (observing that employer may escape liability "through evidence that the deficient SPD was in effect a harmless error – e.g., that the employee independently knew the [relevant] information" (internal quotation marks

5

omitted)). Here, the record demonstrates that Mrs. Schad received written notice of the EOI requirement when she filled out and signed benefit forms in 2002 and 2003. While there is no evidence that defendants provided Mrs. Schad with an EOI form, cf. Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst., 404 F.3d 167, 172 (2d Cir. 2005) (finding no prejudice where applicant received enrollment form at least twice), we conclude that her receipt of written notice was sufficient to render harmless any shortcomings of the SPD.

Accordingly, the district court properly concluded that Mr. Schad failed to raise issues of fact with respect to the adequacy of the notice provided to his wife.

### 4. Reconsideration and Conflict

Mr. Schad contends that the district court improperly "ignored" the structural conflict of interest inherent in Sun Life's role as claim processor and payor in its denial of his motion for reconsideration. Appellant's Br. at 42. We are not persuaded. In Metropolitan Life Insurance Co. v. Glenn, the Supreme Court recognized that a structural conflict exists when an "entity that administers [a] plan . . . both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." 128 S. Ct. 2343, 2346 (2008). We have observed that a court must take such a conflict into account and "weigh [it] as a factor in determining whether there was an abuse of discretion." McCauley v. First Unum Life Ins. Co., 551 F.3d 126, 133 (2d Cir. 2008). Here, the district court acknowledged that the alleged conflict was one of several factors to be considered, see Metro. Life Ins. Co. v. Glenn, 128

6

S. Ct. at 2351 ("[C]onflicts are but one factor among many that a reviewing judge must take into account."), but declined to reconsider its ruling given its factual finding that Mrs. Schad received notice of the EOI requirement. We review the denial of a motion to reconsider for abuse of discretion, see Universal Church v. Geltzer, 463 F.3d 218, 228 (2d Cir. 2006), and find none on this record. Because the denial of benefits was based on the applicant's failure to provide EOI despite written notice of the requirement, we cannot say the determination was infected by a conflict of interest. See Hobson v. Metro. Life Ins. Co., 574 F.3d at 83 (declining to afford alleged conflict "any weight" in review of benefit denial in absence of evidence that conflict influenced interpretation of claim).

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____