21-97-cv
*Milano v. Provident Life*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-two.

Present:

> DENNIS JACOBS,
> REENA RAGGI,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

ALFRED DERF MILANO,

> *Plaintiff-Appellant*,

v.                                                                      21-97-cv

PROVIDENT LIFE & CASUALTY INSURANCE COMPANY, PAUL REVERE LIFE INSURANCE COMPANY,

> *Defendants-Appellees*,

UNUM GROUP, INC.,

> *Defendant*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Aegis J. Frumento (Stephanie Korenman *on the brief*), Stern Tannenbaum & Bell LLP, New York, NY |
| For Defendants-Appellees: | Robert Wright (Zaara Bajwa Nazir *on the brief*), White and Williams LLP, Newark, NJ |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Alfred Derf Milano appeals from the district court's December 17, 2020, judgment dismissing his suit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). We assume the reader's familiarity with the record.

In an ERISA case, after a "bench trial 'on the papers' with the District Court acting as the finder of fact," also known as a motion for judgment on the administrative record, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124–25 (2d Cir. 2003). A finding of fact "is clearly erroneous only if, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (internal quotation marks omitted). We decline Milano's invitation to apply a less deferential standard of review than clear error to the district court's factual findings. "Rule 52(a) broadly requires that findings of fact not be set aside unless clearly erroneous" and "does not make exceptions or purport to exclude certain categories of factual findings from the obligation of a court of appeals to accept a district court's findings unless clearly erroneous." *Pullman-Standard v. Swint*, 456 U.S. 273, 287 (1982).

The district court's factual finding that Milano's only supported limitation was an inability to use ground public transportation, *i.e.*, the New York subway, was not clearly erroneous. The district court reviewed the records of Milano's psychiatrist, Dr. Feygin, and reasonably concluded that those records reflected that, in Dr. Feygin's opinion, Milano's only limitation was riding the subway. The district court also identified reason to doubt the statement of Milano's psychotherapist, Mr. Podell, that Milano was unable to travel, fly, or be in Manhattan, because that statement was inconsistent with portions of Mr. Podell's treatment notes. And, contrary to Milano's argument, the district court correctly acknowledged that an insured's own reports of symptoms are not merely evidence of a disability but are an "important factor" to be considered in determining whether the insured has established disability. *See* Special App'x 15 (quoting *Miles v. Principal Life Ins. Co.*, 720 F.3d 472, 486 (2d Cir. 2013)). The district court did not improperly discount Milano's self-reports, but simply found them to be contradicted by other evidence in the record, specifically Mr. Podell's and Dr. Feygin's treatment notes. The district court also reviewed the reports of Defendants-Appellees' experts, which corroborated the court's findings. In sum, the district court conducted a thorough review of the entire administrative record and reasonably found that Milano's only supported limitation was an inability to ride ground public transportation. This finding was not clearly erroneous.

Nor was it clearly erroneous for the district court to find that riding public ground transportation was not among the material duties of Milano's occupation. Even if, as Milano argues, his occupation was a "manager of a large bond trading department of an international

2

financial firm," and not a "generic" bond salesman, he fails to argue that taking ground public transportation is necessary to the performance of the duties of a manager of bond salesmen, and thus provides no basis for disturbing the district court's factual finding. Milano Br. 34–36.

\* \* \*

We have considered Milano's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk