**William COURTER, Plaintiff–
Appellant,**

v.

**FIRST UNUM LIFE INSURANCE
COMPANY, Defendant–
Appellee.**

**No. 04–5975.**

United States Court of Appeals,
Second Circuit.

Dec. 14, 2004.

William Courter, Forest Hills, NY, for
Appellant, pro se.

Christopher G. Brown (Nicole E. Allen,
on the brief), Begos & Horgan, LLP,
Westport, CT, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ
A. CABRANES and PETER W. HALL
Circuit Judges.

## SUMMARY ORDER

Plaintiff William Courter appeals from a
judgment filed by the District Court on
September 3, 2004 implementing an Au-
gust 30, 2004 Order granting the motion of
defendant First UNUM Life Insurance
Company ("First UNUM") for judgment
on the administrative record. Plaintiff
filed suit against defendant in the District
Court on October 3, 2003, challenging de-
fendant's termination of plaintiff's benefits
under a long term disability ("LTD") in-
surance policy administered under the
Employment Retirement Income Security
Act of 1974 ("ERISA"), 29 U.S.C. § 1001
*et seq.*

We assume the parties' familiarity with the underlying facts and procedural history.

Courter worked as a legal secretary for White & Case, LLP, and he acquired his LTD insurance through the law firm's group policy. Upon suffering a variety of disabling conditions including HIV, chronic sinusitis, and depression, Courter applied for benefits under the policy in April 2001, which First UNUM awarded on May 29, 2001. Over Courter's objection, First UNUM terminated plaintiff's benefits on June 27, 2002 upon determining that Courter's condition no longer met the LTD plan's definition of "disability." Courter filed various appeals within First UNUM's internal review system, all of which were denied. This suit followed.

When an ERISA plan's documents "confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" *Fuller v. J.P. Morgan Chase & Co.*, 423 F.3d 104, 106 (2d Cir.2005) (internal quotation marks omitted). The District Court was "troubled" by defendant's denial of benefits but ultimately found that First UNUM's "actions were not arbitrary and capricious." We review the District Court's legal conclusions—such as a finding *vel non* of "arbitrary and capricious" action—*de novo*. *See Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92 (2d Cir.2000) ("[T]he District Court properly applied the arbitrary and capricious standard of review to the denial of ... benefits, and we shall do the same."). Unlike *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119 (2d Cir.2003), in which the plan did not confer discretionary authority on the plan administrator and the district court's subsequent *de novo* review of the parties' submissions was deemed to be a bench trial requiring findings, the District Court here properly examined the administrative record under the "arbitrary and capricious" standard, did not conduct a bench trial, and was not obliged to make findings of fact. Upon review of the record, we conclude that defendant's termination of Courter's benefits was arbitrary and capricious.

According to plaintiff's physician, plaintiff is "absolutely incapable of any work related activity." Courter's allergic reactions to various HIV medications limit his ability to fight the disease, and the record before us reveals that he has also suffered at least one heart attack, hypertension, severe fatigue, and cardiac disease since First UNUM judged him disabled in May 2001. The progress of plaintiff's illness and the death of his father and roommate contributed to his depression, for which he took medication. More recently, plaintiff was diagnosed with Castleman's Disease. Defendant primarily argues that plaintiff was not disabled on the date First UNUM terminated his benefits and that because he did not return to work at that time, any subsequent disabilities are not covered by the LTD policy. In addition, defendant argues that plaintiff's failure to produce certain medical records sought by defendant further justified First UNUM's decisions.

We conclude that while plaintiff may not have promptly provided every document First UNUM requested, substantial evidence available to defendant in June 2002 showed that Courter remained disabled when defendant decided to terminate his LTD benefits. Inasmuch as the record demonstrates that First UNUM acknowledged Courter's disability in May 2001 and was aware that he suffered from HIV, as well as that his allergic reactions to HIV medications hampered his ability to treat the disease, First UNUM had the burden of showing that Courter could actually return to work before it terminated his bene-

fits in June 2002. The record suggests that while some of plaintiff's symptoms may have shown improvement, there is much evidence of the persistence of plaintiff's chronic conditions during the internal appeals process. The evidence leads us to the firm conclusion that defendant's decision that plaintiff was no longer disabled was arbitrary and capricious.

In sum, the record shows that Courter was entitled to continued LTB benefits under the plan at the time of First UNUM's termination of his benefits.

The judgment of the District Court is REVERSED, and the cause is REMANDED to the District Court for further proceedings, including the calculation of benefits due to plaintiff, consistent with this Order.