**Kelly Anne FLANAGAN,**
Plaintiff–Appellant

v.

**FIRST UNUM LIFE INSURANCE,**
Defendant–Appellee.

No. 04–1495–cv.

United States Court of Appeals,
Second Circuit.

March 2, 2006.

Herbert Monte Levy, New York, NY, for Plaintiff–Appellant.

Louis Lagalante, New York, NY, for Defendant–Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOSEPH M. McLAUGHLIN, and Hon. B.D. PARKER Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Kelly Anne Flanagan appeals from the judgment of the United States District Court for the Eastern District of New York (Dearie, J.), entered after the court's review of the administrative record, dismissing her claim that denial of disability benefits by defendant-appellee First Unum Life Insurance Company ("First Unum") violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. Familiarity with the record below and issues on appeal is presumed.

As a threshold matter we address briefly the procedural posture of the case.

This case comes to us on appeal from the district court's judgment in favor of First Unum on its motion for "judgment on the administrative record." The Federal Rules of Civil Procedure do not contemplate such a mechanism. We have previously noted, however, that courts treat motions for "judgment on the administrative record" as motions for summary judgment under Rule 56. *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir.2003). We believe it appropriate to treat the present appeal as one from a grant of summary judgment, *see id.*, and we therefore review the district court's decision *de novo. Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509 (2d Cir.2002).

Flanagan contends that the district court should have applied a *de novo* standard of review because First Unum's decision denying her disability benefits was affected by a conflict of interest. See *Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92 (2d Cir.2000) ("In order to trigger *de novo* review of an administrator's decision when the plan itself grants discretion to the administrator, a plaintiff must show that the administrator was *in fact* influenced by the conflict of interest." (internal quotation marks omitted) (emphasis in the original)). But because Flanagan has not demonstrated that First Unum was in fact influenced by a conflict of interest or that First Unum's dual status as a plan administrator and plan insurer "affected the reasonableness of the [administrator's] decision" to deny benefits, *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1259 (2d Cir.1996) (internal quotation marks omitted), the district court correctly applied the arbitrary and capricious standard.

Based on First Unum's interpretation of the treating physician's records and correspondence, and the submitted disability date, which followed appellant's termination, it concluded that appellant was not disabled, as defined in the disability policy, before her termination. Under this standard of review, we cannot conclude that First Unum's decision was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d. Cir.1995) (internal quotation marks omitted). We have considered Flanagan's remaining contentions and find them to be without merit.

Accordingly, the judgment of the District Court is hereby affirmed.