**Deborah DANIEL, Plaintiff–Appellant,**

v.

**UNUMPROVIDENT CORPORATION, et al., Defendants–Appellees.**

No. 06–3774–CV.

United States Court of Appeals, Second Circuit.

Jan. 24, 2008.

Aba Heiman, Fusco, Brandenstein & Rada, P.C., Woodbury, NY, for Plaintiff.

Patrick W. Begos, Begos & Horgan, LLP, Westport, CT, for Defendants.

Present: ROSEMARY S. POOLER, ROBERT D. SACK and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED AND REMANDED** for further proceedings.

Deborah Daniel appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.) granting defendants' motion for summary judgment and dismissing her complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of issues for review.

Defendant UNUM Life Insurance Company of America ("UNUM Life") issued a group long term disability insurance policy to Daniel's employer in 1994. UNUM Life is a subsidiary of defendant UnumProvident Corporation ("UnumProvident"). The summary of benefits provides that UNUM Life has "the discretionary authority both to determine an employee's eligibility for benefits and to construe the terms of this summary of benefits." In 2002, Daniel, who worked as a travel agency office manager, submitted a disability claim, asserting that a painful physical condition makes it impossible for her to sit down for more than 15 minutes at a time. The claim was denied. Upon internal appeal, the denial of benefits was upheld. Daniel then commenced this action pursuant to 29 U.S.C. § 1132(a)(1)(B).

The parties moved for judgment on the administrative record. Since the Federal Rules of Civil Procedure make no provision for such a mechanism, the district court properly treated the motions as cross-motions for summary judgment. *See Muller v. First Unum Life Ins. Co.,* 341 F.3d 119, 124 (2d Cir.2003). The district court granted summary judgment to defendants and denied Daniel's motion for reconsideration.

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). If the entity that

denies benefits has discretionary authority, then its "denials are subject to the more deferential arbitrary and capricious standard, and may be overturned only if the decision is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler v. First Reliance Std. Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir.1999) (internal quotation marks and citations omitted). Defendants bear the burden of showing that the denial of benefits was made by an entity that had discretionary authority over benefits determinations. See *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir.2002); *Sharkey v. Ultramar*, 70 F.3d 226, 230 (2d Cir.1995) ("[T]he party claiming deferential review should prove the predicate that justifies it.").

Daniel argues that discretionary authority to determine eligibility for benefits was conferred upon UNUM Life, not Unum-Provident, but that the latter was the entity that denied her benefits. She concludes that the court should apply de novo review. When Daniel moved for judgment on the administrative record, she provided the district court with UNUMProvident's 2002 Insurance Holding Company System Annual Registration Statement and a General Services Agreement, dated December 29, 2000, in which UnumProvident agreed to render "comprehensive claims management services" to UNUM Life. Among other services, UnumProvident would "[r]eview claims and medical files [and] determine if claims are payable." Daniel argues that the General Services Agreement, together with the summary of benefits, show that, although UnumProvident had not been given discretionary authority to determine eligibility for benefits, it made such determinations, triggering de novo review.

■ The district court did not consider the General Services Agreement primarily on the ground that it was not included in the administrative record. It cited *Muller*, 341 F.3d at 125, for the proposition that review of an ERISA claim generally is limited to the administrative record, unless the district court finds good cause to consider additional evidence. See also *Zervos v. Verizon, N.Y., Inc.*, 277 F.3d 635, 646 (2d Cir.2002). We do not believe that the district court properly relied on this rule here. The doctrine limiting review of ERISA claims to evidence before the plan administrator was developed to prevent federal courts from becoming "substitute plan administrators" and thus to serve ERISA's purpose of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966, 967 (6th Cir.1990); see *DeFelice v. Am. Int'l Life Assurance Co. of New York*, 112 F.3d 61, 65 (2d Cir.1997); *Masella v. Blue Cross & Blue Shield of Connecticut, Inc.*, 936 F.2d 98, 104 (2d Cir.1991). However, this concern is not implicated in cases where the extraneous evidence being offered goes to a question that was not, or could not have been, under consideration by the plan administrator. The General Services Agreement was offered not to establish a historical fact pertaining to the merits of Daniel's claim—for example, that Daniel suffered from any particular ailment or experienced any kind of pain—but rather to establish which entity actually decided her claim and therefore which standard of review was applicable in federal court. Since this question was not, and could not have been, before the plan administrator, there would be no cause for concern in the district court's considering the General Services Agreement to determine which standard of review applies. The district court's reliance on *Muller* therefore was misplaced.

The district court held also that, even if it were to consider evidence outside the administrative record, the General Services Agreement nevertheless would be inadmissible for two reasons. The first was that the document was not authenticated. However, a party is not required to authenticate documents on a summary judgment motion where, as here, authenticity is not challenged by the other party. *H. Sand & Co. v. Airtemp Corp.*, 934 F.2d 450, 454 (2d Cir.1991). The second reason was that the General Services Agreement would not be relevant, as there was no indication that it was in effect at the time Daniel's claim was decided. But the General Services Agreement provided that it would be "automatically renewed for successive periods of one year unless either party notifies the other in writing . . . that such party declines to renew." Absent evidence that the General Services Agreement was cancelled—and no such evidence is on the record here—the automatic renewal clause provided a sufficient basis to infer that the agreement could have been in effect at the time Daniel's claim was decided. Accordingly, the district court abused its discretion in declining to consider the General Services Agreement.

We therefore remand to the district court so that it may consider the General Services Agreement in ruling on the parties' cross-motions for summary judgment. If the court concludes that, in light of the agreement, a triable issue exists as to which entity administered Daniel's claim, then it may proceed to trial on that issue. See *Anderson v. Unum Life Ins. Co. of Am.*, 414 F.Supp.2d 1079, 1098–1100 (M.D.Ala.2006) (deciding after a bench trial that the General Services Agreement and other evidence established that UnumProvident and not UNUM Life decided the plaintiff's claim, and therefore that the de novo standard applied). If, after trial, the district court finds that UnumProvident decided the claim, it must make further findings as to whether UNUM Life delegated discretionary authority to UnumProvident, effective at the time of Daniel's benefits denial, and whether UNUM Life had the power to do so. *Compare id.* (UNUM Life did not have discretionary authority to delegate its claims eligibility decisions to UnumProvident because no plan documents gave it the power to delegate those duties) *with Geddes v. United Staffing Alliance Employee Med. Plan*, 469 F.3d 919, 926 (10th Cir.2006) (by analogy with trust law, a health plan administrator with discretionary authority may delegate portions of that authority to non-fiduciary third parties, especially when such delegation is explicitly authorized by plan documents).

From whatever final decision the district court makes, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the Clerk of this Court within ten days of the district court's decision, in which event the renewed appeal will be assigned to this panel. An additional notice of appeal will not be needed. *See United States v. Jacobson*, 15 F.3d 19 (2d Cir.1994).

For the foregoing reasons, we VACATE the district court's order on the summary judgment motions and REMAND for further proceedings consistent with this opinion.