**Robert E. MULLER, Plaintiff–Appellant,**

Antoinette I. Muller, Plaintiff,

v.

**TRUSTEES OF THE NEW YORK HOSPITAL ASSOCIATION OF NEW YORK STATE GROUP INSURANCE TRUST, Albany Medical College, Albany Medical Center, Defendants,**

**First Unum Life Insurance Company, Defendant–Appellee.**

No. 04–1803–CV.

United States Court of Appeals, Second Circuit.

Jan. 14, 2005.

Robert E. Muller, New York, New York, for Appellant, pro se.

Arthur J. Siegel, Bond, Shoeneck & King, Albany, New York, for Appellee.

Present: FEINBERG, WINTER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Northern District of New York (Hurd, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Robert E. Muller, *pro se*, appeals from the March 4, 2004 judgment of the United States District Court for the Northern District of New York, entered after a bench trial, denying Muller's claim that the termination of his employer-sponsored disability benefits by the defendant-appellee, First Unum Life Insurance Company ("First Unum"), violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* We assume familiarity by the parties with the facts and procedural history of the case.

On appeal, Muller contends that the district court improperly concluded that Muller was capable of returning to work as of May 23, 1995 and was, therefore, no longer disabled under the terms of his policy with First Unum. A district court reviews *de novo* a denial of benefits under ERISA "unless the benefit plan gives the adminis-trator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Because the insurer here lacked such discretionary authority, the *de novo* standard applies. *See Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir.2003). In reviewing a district court's decisions after a bench trial, this Court must review *de novo* the district court's legal conclusions, *see United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir.1996), and factual findings for clear error, *see White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir.2001).

For the reasons stated in the district court's March 4, 2004 memorandum and order, Muller's claim was properly denied. This conclusion is supported in the record. Muller's medical providers, Joanna Kabat and Daniel Cole, stated that Muller was no longer "impaired" and "[could] return to work" as of May 23, 1995. Muller's nursing license was also restored on this date. As the policy provided that disability benefits would terminate on the date that the insured was no longer disabled, the district court did not err by affirming First Unum's decision to discontinue Muller's benefits as of May 23, 1995. *Cf. Kunstenaar v. Connecticut Gen. Life Ins. Co.*, 902 F.2d 181, 184–85 (2d Cir.1990) (denial of benefits under ERISA proper where claimant did not present "any evidence" that he was disabled within the meaning of the policy at the time he was denied benefits). Although the Social Security Administration ("SSA") determined in 1997 that Muller was disabled, this Court has previously concluded that the district court did not abuse its discretion in refusing to consider the SSA's decision, or other evidence outside the administrative record. *See Muller*, 341 F.3d at 125–26.

For the foregoing reasons, the district court's judgment is AFFIRMED.