Malcolm **WIENER, individually and as parent and next friend of Jonathan P. Wiener, minor, Carolyn S. Wiener, individually and as parent and next friend of Jonathan P. Wiener, minor, Plaintiffs–Appellants,**

v.

**HEALTH NET OF CONNECTICUT, INC., Defendant–Appellee.**[*]

No. 07–4651–CV.

United States Court of Appeals, Second Circuit.

Feb. 23, 2009.

---

[*] The Clerk of the Court is directed to amend the caption as set forth above.

Lawrence F. Reilly, Fogarty Cohen Selby & Nemiroff, LLC, Greenwich, CT, for Plaintiffs–Appellants.

Theodore J. Tucci, Linda L. Morkan, Robinson & Cole LLP, Hartford, CT, for Defendant–Appellee.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, and JED S. RAKOFF,** District Judge.

## SUMMARY ORDER

Plaintiffs–Appellants Malcolm Wiener and Carolyn S. Wiener, individually and on behalf of Jonathan P. Wiener, a minor, appeal from an order of the United States District Court for the District of Connecticut (Droney, *J.*), entered on September 26, 2007, 2007 WL 2815199, finding that Defendant–Appellee Health Net of Connecticut, Inc. ("Health Net") was arbitrary and capricious in its denial of the Wiener's claim for benefits, but nonetheless ruling in favor of Health Net on the ground that remand was futile. We assume the parties' familiarity with the facts, the proceedings below, and the issues on appeal.

In 2003, Malcolm Wiener was a participant through his employer in a group health insurance policy issued by Health Net. Jonathan Wiener, his son, was covered as a dependent under the policy. Jonathan was born small for his gestation-

** The Honorable Jed S. Rakoff, United States District Judge of the United States District Court for the Southern District of New York, sitting by designation.

al age (SGA) at 4 pounds, 9 ounces. Concerned about Jonathan's slow growth, his parents sought treatment for Jonathan. Jonathan began to see Dr. Maria Vogiatzi, a pediatric endocrinologist. In July 2003, when Jonathan was 30 months old, Dr. Vogiatzi recommended growth hormone therapy (GHT), and prescribed the drug Nutropin. Malcolm Wiener submitted a claim with Health Net for coverage of the GHT. The policy excludes from coverage "[g]rowth hormones . . . unless [m]edically [n]ecessary and [a]ppropriate." Health Net denied the claim both on initial review and on two internal appeals on the ground that GHT was not medically necessary. The Wieners then filed an external appeal with the State of Connecticut Insurance Department. The State forwarded the appeal to IPRO, an independent reviewer. IPRO recommended that Health Net's decision be affirmed, in part on different grounds from those set forth in Health Net's denial letters. The State adopted IPRO's decision. The Wieners then commenced this action pursuant to 29 U.S.C. § 1132(a)(1)(B).

The district court treated Health Net's motion for judgment on the administrative record as a motion for a bench trial on the papers. *Cf. Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir.2003). "[A] denial of benefits [under an ERISA plan] challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which

case abuse of discretion is the proper standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Where, as here, the policy gives Health Net such discretionary authority, the district court properly found that the relevant question was whether Health Net's denial of benefits was arbitrary and capricious. *See Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir.1995) (holding, in cases where abuse of discretion review applies, that a court should ask whether the administrator's decision was arbitrary and capricious).

An arbitrary and capricious decision is one that does not consider "the relevant factors," or involves "a clear error of judgment." *Jordan v. Retirement Comm. of Rensselaer Polytechnic Inst.*, 46 F.3d 1264, 1271 (2d Cir.1995) (quotation marks omitted). A decision ·denying benefits under ERISA is arbitrary and capricious if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 110 (2d Cir.2003). Substantial evidence "is such evidence that a reasonable mind might accept as adequate to support the conclusion reached. . . . [It] requires more than a scintilla but less than a preponderance." *Miller v. Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir.1995) (quotation marks omitted).

■ For substantially the reasons set forth in the district court's order, we find that Health Net's decision was arbitrary and capricious.[1] Health Net did not have

---

1. We separately note the Supreme Court's recent holding that a plan administrator which both evaluates and pays benefits claims operates under a conflict of interest as a matter of law, and that the conflict "should be weighed as a factor in determining whether there has been an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, —— U.S. ——, 128 S.Ct. 2343, 2348–50, 171 L.Ed.2d 299 (2008)

(quoting *Firestone*, 489 U.S. at 115, 109 S.Ct. 948); *accord McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132–33 (2d Cir.2008). The district court here did not find a conflict of interest. Nonetheless, it determined that Health Net's decision was arbitrary and capricious. We therefore do not consider *Glenn* to impact our determination of issues raised as part of the instant appeal.

substantial evidence that Jonathan's growth was at the 25th percentile for the year prior to GHT because it failed to investigate the discrepancy between Dr. Vogiatzi's notes (indicating a growth rate in the 25th percentile) and her February 2004 letter (asserting a growth rate in the 10th percentile). Health Net easily could have verified any discrepancy since Dr. Vogiatzi was available by telephone during the second appeal hearing. Because Health Net never clearly resolved this issue, its decision was "without reason." *Burke,* 336 F.3d at 110. Health Net also made no finding regarding the circumstances when GHT is medically necessary for SGA children with Jonathan's profile. The conclusory assertion that GHT was not "medically necessary" was insufficient to deny the Wieners' claim. *See* 29 C.F.R. § 2560.503–1(g) (stating that a claim denial should set forth "[t]he specific reason or reasons for the adverse determination" separate and apart from "reference to the specific plan provisions on which the determination is based"). We therefore affirm the ruling that Health Net's decision was arbitrary and capricious.

▋ Although the district court found Health Net's decision arbitrary and capricious, it determined that remand to the administrator would be futile. *Cf. Miller,* 72 F.3d at 1071 (holding that an arbitrary and capricious decision by an administrator requires remand for the consideration of additional evidence "unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a useless formality" (quotation marks omitted)). The district court supported its conclusion by relying on IPRO's decision, which explained that the Food and Drug Administration ("FDA") had approved GHT in children "who do not demonstrate catch-up [growth] by 2 years of life," and that catch-up growth occurs "if the height percentile is no longer greater

than two standard deviations ... below the mean (less than 2.3rd percentile)." The district court concluded that a remand was futile because the Wieners did not show that Jonathan was eligible for GHT under the standards described in IPRO's decision, which the parties call "the FDA standard."

It is unclear whether the FDA standard defines what is "medically necessary" under the policy. The policy provides, *inter alia,* that "medically necessary" treatment is that "within the standards of good medical practice with the organized medical community." This definition does not refer to the FDA standard nor identify that standard as the yardstick of "good medical practice." Health Net, although it has discretion to interpret the terms of the policy, did not explain during administrative review whether the FDA standard establishes when GHT is "medically necessary." Health Net never discussed the FDA standard in its denial of the claim on administrative review; only IPRO referred to this standard. IPRO offered Health Net an opportunity to supplement the record, but did not extend the same opportunity to the Wieners. IPRO moreover, did not solicit evidence from either party regarding the FDA standard. Consequently, there was no evidence in the administrative record as to what the FDA standard is, and no determination by Health Net that a failure to meet that standard would establish that GHT was not medically necessary for Jonathan. IPRO is not the plan administrator and therefore could not make this determination *ex nihilo.* Neither could the district court under the circumstances. *Cf. Miller,* 72 F.3d at 1071 (2d Cir.1995) (indicating that review is generally limited to the plan administrator's decision based on the administrative record in order to prevent the federal courts from becoming "substitute plan administrators" (quotation marks

omitted)). Accordingly, we remand for Health Net to reconsider its policy and the Wiener's claim.

We can exercise meaningful appellate review only if "we are able to discern enough solid facts *from the record* to permit us to render a decision." *Muller*, 341 F.3d at 125 (emphasis added) (quotation marks omitted). Even if the FDA standard indicates the circumstances when GHT is "medically necessary" for a SGA child like Jonathan, we cannot evaluate Jonathan's eligibility for benefits due to the absence of evidence in the record regarding this standard. On remand, Health Net should articulate when GHT is "medically necessary" under the policy and gather additional evidence, including relevant evidence from the Wieners, as to whether Jonathan is eligible for benefits under the policy. We do not express a view as to whether a denial of benefits, after proper explanation and investigation, would be reasonable. The other arguments raised by the parties are either moot in light of our ruling or without merit.

For the foregoing reasons, we **AFFIRM** in part and **VACATE** in part the judgment of the district court, and **REMAND** for proceedings consistent with this order.