08-4632-cv
*Powers v. Woodstock Bd. Of Ed.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand and ten.

PRESENT: RICHARD C. WESLEY,
         DEBRA ANN LIVINGSTON,
                  *Circuit Judges*
         RICHARD K. EATON,
                  *Judge.*\*

_____

A.P., a minor, by and through Craig
and Susan R. Powers,
CRAIG AND SUSAN R. POWERS,

                  *Plaintiff-Appellants,*

         -v.-                              08-4632-cv

WOODSTOCK BOARD OF EDUCATION,

                  *Defendant-Appellee.*

_____

---

\*   The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

FOR APPELLANTS:     CRAIG R. POWERS, *pro se*, Woodstock, CT.

FOR APPELLEE:       LINDA L. YODER, Shipman & Goodwin LLP, Hartford, CT (Peter J. Murphy, *on the brief*.)

Appeal from the United States District Court for the District of Connecticut (Kravitz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellants Craig and Susan R. Powers ("Appellants"), on their own behalf and on behalf of their child, A.P., appeal *pro se* from a judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*). That judgment granted the motion of the Woodstock Board of Education ("Board") for judgment on the record, denied Appellants' cross-motion for judgment on the record, and dismissed Appellants' claim under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, *et. seq.* Appellants' claim sought reimbursement for A.P.'s private school tuition at the Rectory School and compensatory services, alleging, *inter alia*, that the Board: (1) failed to meet its "Child Find" obligations in February 2004; and (2) failed to provide A.P.

2

a free and appropriate public education ("FAPE") during his sixth-grade year by violating the terms of his individualized education plan ("IEP").[2]  We assume the parties' familiarity with the facts, procedural history of the case, and issues on appeal.

We review *de novo* the district court's grant of summary judgment in an IDEA case.[3]  *See Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 191 (2d Cir. 2005).  Although a federal court reviewing administrative decisions under the IDEA must base its decision "on the preponderance of the evidence," *see* 20 U.S.C. § 1415(i)(2)(C)(iii), it likewise "must give due weight to the administrative proceedings and remain mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy."  *D.F. ex rel.*

_____

[2]  Although this Court has specifically held that non-lawyer parents do not have the right to represent their children in proceedings before a federal court, *see Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005), the Supreme Court has held that parents have "independent, enforceable rights" under IDEA, which encompass the "entitlement to a free appropriate public education for the parents' child," *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007).  Because the Appellants filed the complaint on their own behalf as well as on behalf of their minor child, and the complaint asserts independent claims for reimbursement of private school tuition and the cost of compensatory services, they are entitled to proceed in this action *pro se*.  *See id.*

[3]  While the parties have moved for judgment on the administrative record, the Federal Rules of Civil Procedure do not provide for such a mechanism.  *See Muller v. First Unum Life Ins*. Co., 341 F.3d 119, 124 (2d Cir. 2003).  For purposes of our review, a summary judgment standard is appropriate.  *See id.*

*N.F. v. Ramapo Cent. Sch. Dist.*, 430 F.3d 595, 598 (2d Cir. 2005) (internal quotation marks and brackets omitted). "Deference is particularly appropriate when, as here, the state hearing officers' review has been thorough and careful." *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998).

Appellants argue that the district court placed undue reliance on the Hearing Officer's rulings, and failed to conduct an independent review of the facts as prescribed by law. But our review of the oral argument transcript and the court's written opinion reveals that the court conducted a careful and independent review of the record. The district court stated that it had read the parties' briefs, "all of the exhibits," and "most of the words of every transcript." The court noted that it had reviewed the extensive transcripts from "top to bottom," and its questioning reveals that it was fully familiar with the record. It carefully considered the Appellants' claims on appeal, and referred to facts outside of those found in the Hearing Officer's Final Decision and Order where necessary.

In addition, the district court afforded the Hearing Officer's findings appropriate deference, particularly with

respect to the testimony of A.P.'s fourth-grade teacher, Mary Jane Fulco. The administrative proceedings consisted of twelve days of hearings and over 200 exhibits, and the parties submitted both post-hearing and reply briefs to the Hearing Officer. The Hearing Officer issued a twenty-page, single-spaced Final Decision and Order with fifty-three findings of fact and twenty-six conclusions of law. The Hearing Officer's findings of fact were well supported and reasonably presented. Accordingly, the district court was correct to defer to the Hearing Officer's determination that Ms. Fulco was credible, and reject the Appellants' contention that the school thwarted Ms. Fulco's efforts to refer A.P. for special education. *See Walczak*, 142 F.3d at 129.

The Appellants also argued in their complaint and at oral argument that the Hearing Officer failed to acknowledge that, with respect to the assignment of a teacher's aide for A.P. in accordance with the IEP, the school "didn't even have a TA to give him for that period of time." But the record evidence demonstrates that A.P. made improvements throughout his sixth-grade year despite that fact. His report card reflected As, Bs, and Cs, and showed some

improvement in language arts, math, and science. A.P.'s Connecticut Mastery Test scores indicated that he was performing at goal in math and reading, and was proficient in writing.

Furthermore, although A.P. was removed before the end of the marking period, A.P.'s lowest third quarter grade was a "C+." His homeroom teacher, Ms. Depasse, testified that A.P. made improvements in his social and organizational skills throughout the fall of his sixth-grade year. Ms. Depasse testified that she made modifications to his work where necessary, and saw A.P. as being as capable as "many other students" in her classes. Ms. Stringer, A.P.'s social studies teacher, testified that A.P.'s attention problems decreased throughout the year; and Ms. Manning, his special education teacher, stated that he progressed in tracking his assignments and remembering to pack his materials. Moreover, the school made additional efforts to help A.P. attain the goals in his IEP. When Mrs. Powers informed the school that the absence of an aide resulted in "a few frustrating evenings" due to forgotten homework, Ms. Manning volunteered to help A.P. pack his bag at the end of the day to ensure that he had the necessary materials for his

homework.  In light of this evidence, the Board's actions did not constitute a material failure of implementing the IEP.[4]  *See Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 821 (9th Cir. 2007); *Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1027 n.3 (8th Cir. 2003); *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 349 (5th Cir. 2000).

We have considered the Appellants' remaining arguments and find them to be without merit, and accordingly affirm the district court's grant of the Board's motion for judgment on the record for substantially the same reasons set out in its thorough and well-reasoned opinion.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] It should also be noted that on the first day of class, when presented with the option, Appellants chose not to relocate A.P. to a homeroom with an aide.