17-1593-cv
*Marybeth M. Donlick v. Standard Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of February, two thousand eighteen.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　GERARD E. LYNCH,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARYBETH M. DONLICK,

　　　　　　　*Plaintiff-Appellant*,

　　　　　　v.　　　　　　　　　　　　　　　　　　17-1593-cv

STANDARD INSURANCE COMPANY, FKA
STANCORP FINANCIAL GROUP, INC.,

　　　　　　　*Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     Ronald R. Benjamin, Law Office of Ronald R. Benjamin, Binghamton, New York.

FOR DEFENDANT-APPELLEE:     Brooks R. Magratten, Scott K. Pomeroy, Pierce Atwood LLP, Providence, Rhode Island.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Marybeth M. Donlick appeals from the district court's judgment entered May 2, 2017, in favor of defendant-appellee Standard Insurance Company ("Standard"). Donlick brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to challenge Standard's decision to terminate her long-term disability ("LTD") benefits. The district court granted Standard's motion for summary judgment by opinion and order filed the same date. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Construed in the light most favorable to Donlick, the facts are summarized as follows: On August 7, 2012, Donlick, who until that point had been employed as a truck driver for Chesapeake Energy Corporation, was involved in a motorcycle accident. Donlick was seriously injured -- her right leg was amputated

2

below her knee and her left ankle was fractured among other injuries. Donlick applied

for LTD benefits through her employee benefit plan (the "Plan") with Standard.

Under the Plan, Standard had "full and exclusive authority to control and

manage the [Plan], to administer claims, and to interpret the [Plan] and resolve all

questions arising in the administration, interpretation, and application of the [Plan]."

J.A. at 95. To receive LTD benefits, Donlick had to prove that she had an injury that

prevented her from performing the "Material Duties"[1] of her "Own Occupation."[2] *Id.* at

82; *see, e.g.*, *Pruter v. Local 210′s Pension Tr. Fund,* 858 F.3d 753, 762 (2d Cir. 2017)

(establishing that plaintiff has burden of proof). Standard approved Donlick's claim in

January 2013, and began paying her monthly LTD benefits in March 2013. Standard

also notified Donlick that after two years the Plan's definition of an LTD would shift

from an "own occupation" to an "any occupation" standard.[3]

---

[1]     "Material Duties" are defined as "the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted." J.A. at 67.

[2]     "Own Occupation" is defined as "any employment, business, trade, profession, calling or vocation that involves Material Duties of the same general character as the occupation you are regularly performing for your Employer when Disability begins." J.A. at 67.

[3]     "Any Occupation" is defined as "any occupation or employment which you are able to perform, whether due to education, training, or experience, which is available at one or more locations in the national economy and in which you can be expected to earn at least 60% of your Indexed Predisability Earnings within twelve months following your return to work, regardless of whether you are working in that or any other occupation." J.A. at 67.

After paying her LTD benefits for two years, Standard reevaluated Donlick's claim, determined that she did not satisfy the "any occupation" standard, and terminated her LTD benefits.  Donlick internally appealed, and after considering additional medical evidence, on March 15, 2016, Standard upheld its earlier decision to terminate Donlick's LTD benefits.

Donlick commenced this action.  The district court granted summary judgment in favor of Standard, finding that Standard did not abuse its discretion in terminating Donlick's LTD benefits.  This appeal followed.

On appeal Donlick argues, *inter alia*, that Standard's benefit determination was an abuse of discretion, the district court applied the wrong standard of review, and the district court should have considered evidence outside the administrative record.  Upon review, we conclude that Donlick's appeal is without merit substantially for the reasons articulated by the district court in its thorough and well-reasoned memorandum decision and order.

We review *de novo* a district court's grant of summary judgment, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor."  *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016).  Though we review the district court's decision *de novo,* where, as is the

4

case here, "the benefit plan gives the administrator . . . authority to determine eligibility for benefits or to construe the terms of the plan," we review the administrator's interpretation for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

Donlick argues that because Standard had a conflict of interest, as it both evaluates and pays benefit claims, we should review Standard's interpretation *de novo*. Though this sort of conflict is a factor that should be taken into account in a court's evaluation, it "does not make *de novo* review appropriate." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008) (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008)). "This is true even where the plaintiff shows that the conflict of interest affected the choice of a reasonable interpretation." *McCauley*, 551 F.3d at 133 (citing *Glenn*, 554 U.S. at 111).

Donlick also suggests that *de novo* review is appropriate because Standard violated Department of Labor ("DOL") regulations, specifically 29 C.F.R. § 2560.503-1(f)(2)(iii)(B),[4] when a Standard employee failed to return a phone call from Donlick.

---

4      The regulation reads:

> In the case of a post-service claim, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, but not later than 30 days after receipt of the claim. This period may be

Though "a plan's failure to comply with the [DOL's] claims-procedure regulation, 29 C.F.R. § 2560.503-1, will result in that claim being reviewed *de novo*," the regulation cited by Donlick pertains only to group health plans, not disability benefit plans. *Halo v. Yale Health Plan. Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 57-58 (2d Cir. 2016). Moreover, we are not persuaded that Standard's alleged failure to return a phone call would violate 29 C.F.R. § 2560.503-1(f)(2)(iii)(B), especially in light of Standard's evidence that it sent numerous notices to Donlick and her lawyer. Donlick also suggests generally that Standard insufficiently communicated with her while evaluating her claim, but cannot point to any regulation that Standard violated or explain why this lack of communication should alter the standard of review.

Donlick next contends that the district court should have considered outside records she submitted instead of limiting its review to the administrative

---

extended one time by the plan for up to 15 days, provided that the plan administrator both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the initial 30-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision. If such an extension is necessary due to a failure of the claimant to submit the information necessary to decide the claim, the notice of extension shall specifically describe the required information, and the claimant shall be afforded at least 45 days from the receipt of the notice within which to provide the specified information. 29 C.F.R. § 2560.503-1(f)(2)(iii)(B).

6

record.  Though the district court has discretion to consider evidence from outside the administrative record, "the presumption is that judicial review 'is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence.'" *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003) (quoting *DeFelice v. Am. Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 67 (2d Cir. 1997)).  A conflicted administrator does not necessitate a finding of good cause.  *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 296 (2d Cir. 2004).  Donlick failed to demonstrate good cause -- rather, she simply suggests in a conclusory manner that Standard is conflicted and that the strength of the evidence outside the record is itself enough to constitute good cause.

Lastly, Donlick challenges Standard's decision to terminate her LTD benefits as an abuse of discretion.  Standard's interpretation was not an abuse of discretion.  That is, it was not "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995) (internal quotation marks and citation omitted).  Standard gave Donlick several opportunities to submit proof of continuing disability and considered the submissions of her physicians and vocational expert.  Though Donlick lost her leg and struggled to find a suitable prosthetic, Standard's conclusion that Donlick could still perform

7

sedentary occupations, such as shipping traffic clerk, was reasonable and supported by substantial evidence. Standard had several independent physicians and vocational experts consider Donlick's claim and her additional submissions, leading to the conclusion that Donlick did not meet the "any occupation" standard.

. . .

We have considered Donlick's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk