Kelvin VANWRIGHT, Plaintiff,

v.

FIRST UNUM LIFE INSURANCE COMPANY, Defendant.

No. 09 Civ. 1186 (VM).

United States District Court, S.D. New York.

July 26, 2010.

Robert Elliot Grey, Ronald Lee Epstein, Grey & Grey, LLP, Farmingdale, NY, for Plaintiff.

Patrick Walter Begos, Begos and Horgan L.L.P., Westport, CT, Christopher G. Brown, Begos and Horgan L.L.P., Bronxville, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Kelvin VanWright ("VanWright") brings this action against defendant First Unum Life Insurance Company ("Unum") under the Employment Retirement Income Security Act of 1974 ("ERISA"), challenging Unum's denial of disability benefits. VanWright and Unum now file cross-motions for summary judgment. For the reasons discussed below, the Court GRANTS Unum's motion and DENIES VanWright's cross-motion.

## I. BACKGROUND [1]

### A. FACTS

#### 1. *VanWright's Claim for Disability Benefits*

VanWright suffered a severe injury to his neck and back as the result of an automobile accident and underwent multi-level back surgery on May 30, 2002. After the surgery, VanWright was no longer able to perform his duties as a diesel technician for Cummins Metropower, Inc. (the "Employer"). VanWright applied for long-term disability benefits through his Employer's group disability insurance policy issued by Unum (the "Policy").

Under the Policy, a claimant is considered "disabled" during the first thirty-six months of benefits if he is unable to perform "the material duties of [his] regular occupation" due to injury and if he suffers at least a twenty percent loss of monthly earnings. (Def.'s 56.1 at 2.) The definition of "disability" changes after a claimant receives benefits for thirty-six months. Thereafter, a payment of benefits is authorized only if, due to the same injury, a claimant is "unable to perform the duties of any gainful occupation for which [he is] reasonably fitted by education, training or experience." (*Id.*) A "gainful occupation"

---

1. The factual summary below is derived from the following documents and any exhibits and declarations attached thereto: First Unum's Local Civil Rule 56.1 Statement, dated March 2, 2010 ("Def.'s 56.1"); and Local Rule 56.1 Statement in Support of Plaintiff's Motion for Summary Judgment, dated May 3, 2010 ("Pl.'s 56.1"). The Court will make no further citations to these sources unless otherwise specified.

is an occupation that can be expected to provide the claimant with at least sixty percent of his indexed monthly earnings within twelve months of returning to work. (*Id.*) In addition, the Policy states that: "[w]hen making a benefit determination under the [P]olicy, Unum has discretionary authority to determine a claimant's eligibility for benefits and to interpret the terms and provisions of the [P]olicy." (*Id.* at 1.)

On July 30, 2002, Unum indicated by letter that it had approved VanWright's claim and began providing benefits retroactively as of July 10, 2002. Unum informed VanWright that in order to continue to qualify for benefits he must continue to meet the Policy's definition of disability and may be requested to provide additional medical or vocational information.

From 2002 to 2007, Unum paid VanWright's benefits and conducted a number of inquiries and tests with respect to VanWright's condition. The relevant portions of Unum's decision-making process are discussed in more detail below. Meanwhile, VanWright attended college and earned a bachelor's degree.

On November 27, 2006, Unum determined that VanWright was no longer disabled under the Policy and terminated his benefits. Specifically, Unum found that VanWright was capable of a "medium level of work capacity." (*Id.* at 15.) Unum based this assessment on the opinions of two physicians and two nurses. Unum also identified at least three gainful occupations that VanWright was capable of performing. VanWright appealed the decision on January 8, 2007, and Unum rejected VanWright's appeal with a final denial of benefits on May 16, 2007.

### 2. *Unum's Counterclaim*

In May 2006, VanWright received an award of Social Security Disability Insurance ("SSDI") benefits. The Policy indicated that SSDI benefits would offset Unum's obligations. In June 2006, Unum wrote to VanWright requesting reimbursement in the amount of $40,430.20. VanWright repaid $30,000 in a lump sum and agreed to reimburse the rest through reductions in his benefits under the Policy. When Unum terminated the benefits, VanWright owed $5,003.20, which VanWright has not yet paid. Unum now seeks payment of this outstanding balance, alleging that VanWright has been unjustly enriched.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

#### 1. *Standard of Review under ERISA*

■ ERISA permits a person denied benefits under an employee benefit plan to challenge the denial in federal court. *See* 29 U.S.C. § 1132(a)(1)(B); *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2346, 171 L.Ed.2d 299 (2008). When a plan grants the administrator the authority to determine a claimant's eligibility for benefits, the reviewing court must apply a deferential standard. *See Glenn*, 128 S.Ct. at 2348.

■ The Second Circuit Court of Appeals has held that "[u]nder the deferential standard, a court may not overturn the administrator's denial of benefits unless its actions are found to be arbitrary and capricious, meaning without reason, unsupported by substantial evidence or erroneous as a matter of law." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132–33 (2d Cir.2008) (internal quotation marks omitted). Where the plan administrator and the claimant offer rational, but conflicting interpretations of the plan, the administrator's interpretation must control. *See id.* "Nevertheless, where the administrator imposes a standard not re-

quired by the plan's provisions, or interprets the plan in a manner inconsistent with its plain words, its actions may well be found to be arbitrary and capricious." *Id.* (internal quotation marks omitted).

When applying the deferential standard, courts must take into account any conflict of interest that the plan administrator may have. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). A conflict of interest is present where the plan administrator is also the insurer. *See Glenn*, 128 S.Ct. at 2349–50. While courts must consider any such conflict when reviewing claims denials, it remains "but one factor among many that a reviewing judge must take into account." *Id.* at 2350–51.

The presence of a conflict of interest does not change the standard of review from deferential to de novo. *See id.* at 2350. Rather, a conflict of interest, like any relevant consideration, should act as a tiebreaker when other considerations are closely balanced, particularly "where circumstances suggest a high likelihood that it affected the benefits decision, including but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Id.* at 2351. A conflict of interest is less relevant when an insurance company has taken active steps to reduce potential bias and to promote accuracy. *See id.*

If a plan administrator makes a determination contrary to that of the Social Security Administration ("SSA"), a court may consider the disparity as evidence of arbitrary or capricious behavior. *See Billinger v. Bell Atl.*, 240 F.Supp.2d 274, 285 (S.D.N.Y.2003). But while the SSA determination is "one piece of evidence," it is "far from determinative." *Id.* Ultimately, the question of whether or not a claimant is disabled must be judged according to the terms of the Policy and not according to the SSA's definition. *See id.*

Finally, under the deferential standard, courts are generally "required to limit their review to the administrative record." *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir.1995). A court may look beyond the administrative record only if it finds good cause to consider other evidence. *See Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir.2003).

2. *Standard of Review for Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, a Court should grant summary judgment if there is "no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)(2). In determining whether disputed issues of material fact exist, the court must draw all reasonable inferences in favor of the non-moving party. *See, e.g., Shapiro v. New York Univ.*, 640 F.Supp.2d 411, 417–18 (S.D.N.Y.2009) (*citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Since ERISA review is ordinarily limited to the administrative record, and there is no right to a jury trial in ERISA actions, parties' motions for summary judgment can often "best be understood as essentially a bench trial on the papers with the District Court acting as the finder of fact." *Muller*, 341 F.3d at 124 (internal quotation marks omitted).

B. *APPLICATION*

1. *Deference to Unum*

The text of the Policy is sufficient to vest full discretionary authority in Unum. Although "magic words such as 'discretion' and 'deference' may not be absolutely necessary to avoid a de novo standard of review ... use of such words is

certainly helpful in deciding the issue." *Kinstler v. First Reliance Std. Life Ins. Co.*, 181 F.3d 243, 251 (2d Cir.1999) (internal quotation marks and citations omitted). In this case, the Policy clearly states that "Unum has discretionary authority to determine a claimant's eligibility for benefits and to interpret the terms and provisions of the [P]olicy." (Def.'s 56.1 at 1.) In fact, VanWright concedes that the Policy vests discretionary authority in Unum. (*See* Memorandum of Law in Support of Van-Wright's Motion for Summary Judgment, dated March 3, 2008 ("Pl.'s Brief"), at 17–18.) Accordingly, the Court must apply the deferential standard of review, permitting a rejection of Unum's decision only if found arbitrary or capricious.

### 2. *Cross–Motions for Summary Judgment*

Unum's motion for summary judgment argues that there is no evidence in the record to support a finding that Unum acted arbitrarily or capriciously in terminating VanWright's benefits. VanWright cross-moves, asserting that the record indicates that Unum acted arbitrarily and capriciously. In particular, VanWright bases his cross-motion on Unum's refusal to credit the reports of his own physician, Dr. Richard Radna ("Radna"), its reliance on the results of a Functional Capacity Examination ("FCE"), and its failure to reach the same conclusion as the SSA. VanWright also contends that Unum's conflict of interest is indicative of arbitrary and capricious behavior.

Upon review of the record, the Court is not persuaded that Unum's determination was arbitrary or capricious. Accordingly, for the reasons discussed below, the Court grants Unum's motion for summary judgment and denies VanWright's cross-motion.

### a. *Radna's Assessments*

VanWright claims that Unum arbitrarily failed to consider Radna's evaluations of his condition. In January 2006, Radna indicated that VanWright was "totally disabled" and was unable to demonstrate any level of functional capacity. (Def.'s 56.1 at 8.) In December 2006, Radna reported, among other things, that Van-Wright could not sit or stand for more than ten minutes in an eight-hour day. (*See* Pl.'s 56.1 at 11.) In spite of these assessments, the Court finds that Radna's earlier reports, the opinions of other medical professionals, and VanWright's own behavior gave Unum sufficient reason to doubt the accuracy of Radna's conclusions.

In the same January 2006 report in which Radna indicated that VanWright was totally disabled, Radna also indicated that VanWright could sit for two hours, stand for one hour, walk for one hour, and occasionally lift up to seven pounds. (*See id.* at 10.) These limitations were substantially less restrictive than Radna's December 2006 report. In addition, VanWright acknowledges that, during the time period in question, he took classes four days a week, including two days where his classes lasted more than four hours. (*See* Pl.'s 56.1 at 9.) These activities are plainly inconsistent with Radna's statement that VanWright could not sit or stand for more than ten minutes in an eight-hour day, and provide a reasonable basis for Unum to determine that VanWright was not entitled to benefits. Finally, Unum conducted an FCE and solicited the opinion of several medical professionals, each of whom indicated that VanWright was not disabled under the Policy. Accordingly, the Court finds that it was not arbitrary or capricious for Unum to reach a conclusion contrary to Radna's most restrictive assessments.

### b. *The FCE*

 The Court is also not persuaded that Unum's reliance on the FCE, which indicated that VanWright had the capacity to perform work with a medium-strength rating, supports a finding that Unum acted arbitrarily or capriciously in denying VanWright's claim. Courts have routinely found the FCE to be a sufficient basis for an administrator's decision to deny benefits. *See, e.g., Bressmer v. Fed. Express Corp.*, No. 99 Civ. 9225, 2000 WL 637069, at *2 (2d Cir. May 16, 2000).

Nevertheless, VanWright challenges Unum's reliance on the FCE on three grounds. First, VanWright argues that the language of the Policy did not authorize the FCE because it was conducted by a physical therapist. The Policy provides that Unum "may require you to be examined by a physician, other medical practitioner or vocational expert of our choice." (First Unum's Brief Opposing VanWright's Motion for Summary Judgment, dated May 4, 2010 ("Def.'s Opp."), at 7.) As noted above, under the deferential standard of review, the administrator's interpretation of the terms of a policy must control in the event of rational but conflicting interpretations. *See McCauley*, 551 F.3d at 132–33. The Court finds that it was rational for Unum to consider a physical therapist to qualify as an "other medical practitioner." (*See* Def.'s Opp. at 7 (quoting the New York State Education Department's definition of a physical therapist as "a licensed health care professional who examines and evaluates a patient's condition and then plans and administers treatments to promote optimal health").) Accordingly, the Court finds that it was not arbitrary or capricious for Unum to rely on an FCE conducted by a physical therapist.

Second, VanWright argues that the FCE is inadmissible under Rule 702 of the Federal Rules of Evidence ("Rule 702")

and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). However, Rule 702 and *Daubert* do not apply in ERISA actions. *See Bressmer*, 2000 WL 637069, at *2 ("An ERISA plan administrator is not a court and is not bound by the rules of evidence.").

Finally, VanWright points to *Alfano v. CIGNA Life Insurance Company of New York*, where the District Court reversed a plan administrator's denial of benefits based on the results of an FCE. *See* No. 07 Civ. 9661, 2009 WL 222351, at *21 (S.D.N.Y. Jan. 30, 2009). VanWright argues that, since Unum relied on the results of his FCE, its determination should also be reversed. The Court is not persuaded and finds that *Alfano* is readily distinguishable. There, the District Court applied a de novo standard of review, rather than the deferential arbitrary and capricious standard applicable here. *See Alfano*, 2009 WL 222351, at *13 ("[B]oth parties agree that this case is to be reviewed de novo."). Nevertheless, even if the review in *Alfano* were instructive here, the instant dispute is further distinguishable because it presents factually distinct circumstances. In *Alfano*, the insurance company's interpretation of the FCE ran counter to the evidence of seven physicians, all of whom had found that the claimant was disabled. *See Alfano*, 2009 WL 222351, at *17. By contrast, here, the FCE is consistent with the opinions of two physicians and two nurses, while VanWright's position is supported only by Radna.

In sum, the Court is not persuaded that Unum acted arbitrarily or capriciously by considering the FCE in denying VanWright's claim.

### c. *The SSA's Determination*

 Finally, the Court finds that it was not arbitrary or capricious for Unum

to reach a conclusion different from the SSA. As described above, while the SSA's determination can inform the Court's review, it is not dispositive. *See Billinger,* 240 F.Supp.2d at 285. Here, Unum properly considered the SSA's determination but declined to give it dispositive effect. Unum made this decision in light of information not available to the SSA, such as the FCE.

### 3. *Conflict of Interest*

■ Since Unum is both the insurer and administrator of the Policy, a conflict of interest exists. *See Glenn* 128 S.Ct. at 2349–50 (finding that a conflict of interest is present in an ERISA action when the plan administrator is also the insurer). In light of this conflict, VanWright claims that his case is indistinguishable from *McCauley.* In *McCauley,* Unum had denied benefits based on a nurse's review of the plaintiff's medical records and his ongoing employment as a tax attorney, despite a contrary assessment by the plaintiff's doctor. Unum had also refused to consider or follow up on a memorandum from the plaintiff highlighting his multiple medical issues because the memorandum lacked a physician's signature. *See McCauley,* 551 F.3d at 134–35. In reversing Unum's denial of benefits, the Second Circuit found that Unum's "unreasonable" and "deceptive" review of the medical records was "plainly exacerbated by [Unum's] conflict as both administrator and payor...." *Id.* at 135–37 (noting reports of Unum's unscrupulous tactics and its history of criticism from judges).

Upon review of the record, however, the Court finds the instant dispute to be distinguishable from *McCauley.* The presence of a conflict of interest should be dispositive only as a "tiebreaker," and is not relevant when the conflicted party's conduct cannot otherwise be characterized

as arbitrary or capricious. *See Glenn,* 128 S.Ct. at 2351; *Hobson v. Metro. Life Ins. Co.,* 574 F.3d 75, 83 (2d Cir.2009). Here, for the reasons discussed above, Unum's conduct cannot be characterized as arbitrary or capricious so as to merit decisive consideration of Unum's conflict of interest. The record reveals that Unum took active steps to remove potential bias and to promote the accuracy of its review. To these ends, Unum continued VanWright's benefits for four years as it evaluated his claim, procured an independent FCE at its own expense, sought analysis from two vocational experts, and had four medical professionals review his file on several occasions, including an independent medical review conducted by a board-certified neurosurgeon. As a result, the Court is not persuaded that Unum's dual role as administrator and payor is dispositive here.

### 4. *Unum's Counterclaim*

■ An ERISA plan administrator may bring a civil action "to obtain ... appropriate equitable relief" and "to enforce ... the terms of the plan." 29 U.S.C. § 1132(a)(3)(B). Such equitable relief includes actions to recover benefits that have been offset by payments from third-parties. *See Sereboff v. Mid Atl. Med. Servs., Inc.,* 547 U.S. 356, 368–69, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006). Specifically, plan administrators may recover benefits that are retroactively offset by an award of SSDI benefits. *See Unum Life Ins. Co. of Am. v. Lynch,* No. 04 Civ. 9007, 2006 WL 266562, at *3 (S.D.N.Y. Jan. 31, 2006).

Upon review of the record, the Court concludes that there is no question of material fact as to VanWright's obligation to repay Unum. VanWright has not challenged Unum's underlying factual claims or its legal basis for demanding relief. Accordingly, the Court finds that Van-

Wright continues to owe Unum $5,003.20, and grants Unum's motion for summary judgment on its counterclaim.

## III. *ORDER*

For the reasons stated above it is hereby

**ORDERED** that the motion of defendant First Unum Life Insurance Company ("Unum") for summary judgment (Docket No. 15) is GRANTED; and it is further

**ORDERED** that the cross-motion of plaintiff Kelvin VanWright ("VanWright") for summary judgment (Docket No. 20) is DENIED; and it is finally

**ORDERED** that the Clerk of the Court enter judgment for Unum against VanWright in an amount of $5,003.20.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**